### W. P. ULMER V. THE STATE.

No. 10598.   Delivered March 16, 1927.

**Rape—Evidence—Improperly Presented—Reversible Error.**

Where, on a trial for rape, the sister of prosecutrix and daughter of appellant testifying for the state, in answer to questions propounded, although not directly responsive to the questions, stated that appellant had been in the penitentiary and was the father of a baby born to witness, who was unmarried, this testimony was of so damaging a character that the instruction of the court to the jury to disregard same, could not eliminate its harmful effect, and for this error the cause must be reversed.

Appeal from the District Court of Jones County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for rape, penalty fifteen years in the penitentiary.

The opinion states the case.

*C. P. Chastain, T. A. Bledsoe* and *Lon A. Brooks* of Hamlin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of rape, and his punishment assessed at fifteen years in the penitentiary.

The subject of the alleged rape was Adell Ulmer, daughter of the appellant, a girl under the age of fifteen years. The alleged rape occurred in the home of the appellant during the absence of the stepmother of the prosecutrix.

Bills of exception Nos. 1, 2, 3, 4 and 5 present no error.

Bill of exception No. 8 complains at the action of the trial

court in permitting the witness Marie Ulmer, sister of the prosecutrix, to testify in behalf of the state on direct examination as follows:

Question: "How long had you been living with your father at that time?"

Answer: "All my life except when he was in the penitentiary."

Appellant objected to that part of the witness' testimony to the effect that her father had been in the penitentiary, for the reason that the foregoing answer was not in response to the question propounded by the District Attorney and could only have been made by the witness for the purpose of getting before the jury illegal and incompetent testimony, which testimony was highly prejudicial and injurious to the rights of the appellant, and that by this means the prosecution was getting before the jury an extraneous offense for which the appellant had theretofore been convicted and served a sentence in the penitentiary.

Appellant further says, as a ground of objection, that, although the court sustained his objection to that part of the testimony hereinbefore set out and instructed the jury not to consider the same, yet said answer could only have a very harmful and damaging effect upon appellant.

This bill of exception will be considered in connection with bill of exception No. 9, which complains of the action of the trial court in permitting Marie Ulmer, while on the witness stand testifying in behalf of the state, to testify as follows:

Question: "Were you married at that time?"

Like a flash the witness answered, "No, sir, it was my father's baby."

The appellant objected to both the question and answer on the ground that same was for the purpose of getting before the jury illegal and incompetent testimony—testimony which was highly prejudicial, harmful and injurious to the appellant— and that it was introduced for the purpose of inflaming the minds of the jury.

The facts disclose that at the time of the alleged rape the witness Marie Ulmer, a girl of eighteen years of age, was living in the home of appellant, her father; that she was the mother of a small baby; that on the night of the alleged rape she and prosecutrix were sleeping in the same room in which appellant was sleeping; that the prosecutrix slept in the same bed with appellant, and that witness Marie Ulmer slept with her baby in another bed in the same room.

To permit the state to prove by the witness Marie Ulmer that

her father had been in the penitentiary and follow this by further showing that she had never been married and that appellant was the father of her baby, would certainly be admitting testimony of a most damaging character to the appellant. It tended to prove the appellant guilty of the offense of incest on his daughter Marie Ulmer. Its receipt was opposed to the well known and often applied rule of evidence which excludes collateral offenses or transactions not admitted under some exceptions to the rule. The fact that the testimony came unsolicited and not in response to the questions propounded and was entirely volunteered by the witness did not render it less harmful to the appellant. It was introduced by the prosecution, and the prosecution is entirely responsible for its presence in the record, and the error is one that cannot be cured. Hagood v. State, 284 S. W. 547.

Bill of exception No. 11 complains of the action of the trial court in not permitting the appellant to prove by a number of witnesses that the general reputation of the prosecutrix for truth and veracity in the community in which she lived was bad. This bill, in its present form, presents no error, but in view of another trial, if prosecutrix testifies this evidence will clearly be admissible.

It will not be necessary to discuss the questions raised in the other bills appearing in the record, for the reason that said questions will probably not arise on another trial of this case.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.