CECIL WEAVER, JR., V. THE STATE.

No. 22642. Delivered December 1, 1943.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for aggravated assault, punishment 90 days in jail.

The alleged injured party was a little girl 9 years old. She testified that late in the afternoon appellant called her into his house and was there guilty of indecent familiarity towards her. She went home and immediately reported the occurrence to her mother. Upon the trial appellant denied the use of any familiarity towards the child.

Upon cross examination of the prosecutrix it developed that she and her mother were called to the sheriff's office where appellant was in custody. She testified they were there some two or three hours. Appellant's counsel asked her if they were talking all that time, and she replied, "He was asking"—(referring to the officer). At this point counsel told the witness that he did not want to know what was said, but the witness continued and testified "He asked Cecil (appellant) to tell the witness, he told his story, and I told mine, and then Mr. Harney (the sheriff) he finally got the truth out of him. He admitted it right in front of him and the chief of police." Appellant through his counsel immediately complained that the answer was not re-

sponsive and requested the court to "strike" the answer, which the court did, by instructing the jury to disregard the answer. It is appellant's contention that although the court did everything he could to remedy the situation that it was one of those things so obviously harmful it could not be cured by the court's action. The State, of course, recognized that the conversation in jail was in violation of Art. 727 C. C. P. relating to confessions, and made no effort to introduce it in evidence, but the damaging part of the conversation slipped into the record in the manner indicated without fault of the prosecuting officers. The harmful effect is the same. We have no option but to reverse the judgment.

In defining assault and battery the court embraced certain parts of the statute not applicable. Upon another trial those parts should be omitted. We do not base a reversal upon this error. The trial court's attention was not called to it by objection to the charge.

For the other matter discussed the judgment is reversed and the cause remanded.