### DEE CRAIG V. STATE

No. 31,090. December 9, 1959
State's Motion for Rehearing Overruled February 10, 1960
State's Second Motion for Rehearing Overruled March 2, 1960

WOODLEY, Judge, dissented.

*Percy Foreman and Holvey Williams,* Houston 2, for appellant.

*J. P. Hart,* La Grange, *Wallace Barber,* District Attorney, San Marcos, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, fifty years.

In view of our disposition of this case a recitation of the facts will not be necessary. There were no witnesses, save the appellant, to the shooting and his defense was that his wife's death was the result of an accident.

The state's principal witness, Ranger Dudley White, testified while the prosecution was making out its case in chief that in the course of his investigation of the shooting he talked to the appellant on several occasions. During his examination by the district attorney the following transpired:

"Q. When you talked to him in Elgin on or about October 18, 1957, did this defendant make any statement to you, not in response to any questions you may have asked him? A. He did.

"Q. Tell the jury just what conversation took place between you and this defendant, starting with any statement he voluntarily made not in response to any question. A. This was at the time that the sheriff and I were talking to him in Elgin, Texas, on or about October 18. At that time he agreed to, as I stated a while ago, come to Austin and help us—I will put it that way—help us to eliminate him on all this that it looked like he might be mixed up in, but at this particular time he refused, said he changed his mind. He further stated, he said, 'You know what they are saying at this time?'
I said, 'No, I have no idea. What is it?'
He said, 'They are accusing me here in Elgin of killing my first wife.'

I said, 'Oh, the heck you say!'

"MR. JONES: I am going to object to that. It is completely immaterial, Your Honor. It has no place in this case.

"THE COURT: *Objection overruled.*

"MR. JONES: Note our exception.

"A. And he said, 'Suppose that they do dig her up and find poison in her, that doesn't mean that I did it.'

"MR. JONES: I want to renew my objection. It has no place in this case.

"THE COURT: *Objection overruled.*

"MR. JONES: Note our exception.

"A.  I says, 'Well, that is right, that will have to be investigated. We haven't made any investigation as to that at this time, in reference to your first wife.'

"MR. BARBER: In view of defendant's objection, the State feels that it is proper testimony, but the State will agree to withdraw it.

"MR. JONES: I don't agree to have it withdrawn.

"MR. BARBER: Then the State would like for it to stay.

"MR. JONES: I will press my bill against it.

In view of the statement made by appellant's counsel, we will view the same as if the testimony had been withdrawn. We are confronted, however, with the rule that if the evidence is obviously hurtful and not admissible for any purpose, then the error in its admission will not be cured by a withdrawal. 1 Branch Ann. P.C. 2d ed., sec. 403, p. 424; Ulmer v. State, 106 Tex. Cr. Rep. 349, 292 S.W. 245; 5 Tex. Juris 2d, sec. 443, p. 695.

Here we have an accused on trial for killing his wife, the state's case is purely circumstantial and rests on the proof of contradictory statements made by the accused after the death of his wife, and the state introduces evidence that appellant was not only apprehensive about the charge for which he is being tried but also fears that he will be investigated and prosecuted for another and distinct act of wife killing.

"The general rule in all English-speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions." Young v. State, 159 Tex. Cr. Rep. 164, 261 S.W. 2d 836.

There is no question in the writer's mind but that the prosecutor knew at the time he propounded the question set forth above just what answer he would receive and that it would constitute evidence to be utilized by the jury in reaching tne conclusion that appellant was in the habit of killing his wives.

For the error pointed out, the judgement is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

The testimony of Ranger White quoted in the majority opinion remained a part of the evidence in this case solely because appellant declined to agree that it be withdrawn.

The only objection to the testimony was that it was immaterial and "had no place in this case." That objection was not made until after the jury had heard the testimony which the majority conclude was obviously hurtful and not admissible for any purpose.

A search of the record fails to reveal that the trial court's attention was directed to the claim that the testimony of Ranger White was prejudicial; was hurtful, or was injected into the record with the purpose in mind of obtaining the benefits of it and then withdrawing it. The sole complaint was that the testimony the jury had heard was not material.

Having reserved this objection, and having declined to agree that the evidence be withdrawn, appellant did nothing further in regard to the matter until after the jury had returned its verdict.

The sole complaint in the motion for new trial in regard to the testimony set out in the majority opinion was that the court erred in permitting the state to introduce it "over the objection of the defendant to the effect that such statements were immaterial to the issues in this case."

The contention sustained by the majority is advanced for the first time on appeal.

Appellant made the statement to Ranger White about the rumor in Elgin in explanation of his failure to keep his promise to fully cooperate with the investigating officers and to come to the Department of Public Safety in Austin for that purpose. There is not the slightest suggestion that the state was contending that appellant killed his first wife. Ranger White had suggested that his failure to fully cooperate in checking the facts surrounding the death of the deceased would indicate to the investigating officers that he was guilty.

It is in the light of this testimony that the claimed error should be appraised.

The general rules of law which are recognized by appellant in his brief require a timely objection; a more specific objection than that the proffered testimony is immaterial; and require that the defendant seek to relieve himself of the effect of evidence that has been heard by the jury by requesting that it be withdrawn and the jury instructed to disregard it.

I cannot agree that the statement of appellant to Ranger White is such as to excuse the failure of appellant to comply with these rules.

In addition, this case comes clearly within the rule in Wall v. State, 156 Tex. Cr. R. 239, 240 S.W. 2d 763, which is that it was necessary that he move for mistrial rather than to speculate upon a favorable verdict.

Wall appealed from a verdict assessing the extreme punishment for murder. He complained that on his cross-examination he was questioned three times concerning prior term or terms served in the penitentiary. His objections were sustained and the questions were not answered, and he said no more.

On rehearing, in disposing of Wall's complaint as to the disposition of this bill of exception, we found it fundamentally defective and said:

"For the appellant to here complain, it was incumbent upon him to ask the court to instruct the jury not to consider the the questions. This he failed to do.

"It was further incumbent upon appellant, if he thought the asking of the questions was such a serious error that an instruction to disregard would be ineffective, to then move the court to declare a mistrial. This he also failed to do."

Unless the Wall case is to be overruled, the testimony of Ranger White is not ground for setting aside the jury's verdict.

I respectfully dissent.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge, (dissenting).

The majority overrule the State's motion for Rehearing without written opinion.

Assuming that the statement of appellant constituted evidence of an extraneous offense, such proof is admissible in a circumstantial evidence case to disprove the defense of accident where the intent becomes an issue in the trial, as where it is claimed that the act in question was the result of mistake, accident or inadvertance.

Had evidence been available that appellant had murdered his former wife, the rule stated would render it admissible at his trial for the murder of his second wife, the state relying upon circumstantial evidence and his testimony raising the defense of accident.

It is not my purpose to dissent on the ground that the statement of appellant to Ranger White should have been admitted, but to demonstrate that, as contended by counsel for the state, there was reasonable ground to believe that it was admissible; that it was not offered in bad faith; and was not so "obviously hurtful and inadmissible for any purpose" that appellant was not required to make his objection timely; or to state a specific ground for his objection, or to seek to relieve himself of the effect of the statement.