ROBERT ALVIN GREMMEL V. STATE

No. 31,449. April 13, 1960
State's Motion for Rehearing Overruled May 25, 1960

*Harold Seay,* Galveston, for appellant.

*Jules Damiani, Jr.,* Criminal District Attorney, *Thomas L. Douvry,* Assistant Criminal District Attorney, Galveston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the sale of a narcotic drug; the punishment, 8 years.

The testimony of the state shows that when three officers at

10 P.M., June 22, observed the appellant enter the car of Lee Bradford Smith, that Officer Scholl immediately approached Smith's car from the driver's side while Officers Boggus and Goodnight went to the opposite side of the car. Smith was in the driver's seat and the appellant was in the front seat with him. By the aid of flashlights they saw a plastic bottle which Officer Goodnight says the appellant was handing to Smith, and each officer testified that the bottle was dropped to the floor on Smith's side of the car; and that the appellant had some currency in his hand which he was placing in the pocket of his jacket.

In custody of the officers appellant was then taken to his residence, where he was served with and read a search warrant for his residence which was then searched by the officers. After the search, the officers took appellant to the police station, arriving there sometime after 11 P.M.

A written statement made to Officer Scholl at the police station, between 1:00 A.M. and 5:00 A.M., June 23, recites that he gave Smith a bottle containing delaudid, and Smith gave him some money, and then three officers arrested them. On the main trial appellant testified that the written statement was involuntarily made; he denied making the sale as alleged, but says that Smith had the bottle with him when they met, and Smith gave him the currency in connection with the publication of a book.

The officers had marked two $10 bills for identification and delivered them to Lee Bradford Smith immediately before they went to the place where the appellant entered Smith's car and was by the officers apprehended.

Officer Scholl testifying for the state said that they re-covered the same two $10 bills from the appellant at the police station between 11 P.M. and midnight which they had marked and delivered to Lee Bradford Smith. Referring to the two $10 bills in the possession of the appellant Officer Scholl when asked what was done at that time with the money replied " * * * I told Mr. Gremmel (appellant)—'well, get those two ten dollar bills out of your pocket, and compare them with the numbers and initials and so forth on this slip of paper, and I handed him a slip of paper on which we had reported the serial numbers of the bills and the positions of all of our initials. Mr. Gremmel (appellant) made the comparison and said, *'well, I guess you have got me, or something to that effect.'* "

510

To the testimony of Officer Scholl quoting what the appellant said the appellant objected on the ground that he was under arrest at the time he made the statement. The objection was overruled and appellant excepted.

At this time the court requested the attorneys to come to the bench where a conference was had, and afterwards the examination of the witness Scholl continued in the presence of the jury.

The state in its next question asked Officer Scholl specifically about the statement. To which appellant again objected on the ground that he was in custody at the time and had been for sometime, and the objection was overruled.

Following the overruling of appellant's objection to the above question the court directed the reporter to read the question asking about the statement the appellant had made to the witness Officer Scholl, which the reporter did.

Said oral statement to Officer Scholl by the appellant while under arrest was not res gestae of the sale alleged and was not shown to have been admissible under the provisions of Art. 727, V.A.C.C.P., which prohibits the admission of oral confessions made while under arrest except in those cases enumerated therein or when they are res gestae.

That portion of Officer Scholl's reply that the appellant stated "well, I guess you have got me * * * " was not responsive to the question asking him what was done with the money. The foregoing quoted statement of the appellant constituted or tended to constitute an admission of guilt. The punishment was in excess of the minimum. The non-responsive statement violated the statutory rights of the appellant, and the inquiry about it in the next question, followed by the reading of the question, were together reasonably calculated to prejudice his rights before the jury. Art. 727, supra; Art. 727a, C.C.P.; 1 Branch 2ed, 82, sec. 83; Sharp v. State, 153 Tex. Cr. Rep. 96, 217 S. W. 2d 1017; Roberts v. State, 162 Tex. Cr. Rep. 41, 280 S. W. 2d 285.

For the error pointed out the judgment is reversed and the cause is remanded.

Opinion approved by the Court.