**Alfred Don RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36979.**

Court of Criminal Appeals of Texas.

June 10, 1964.

Marvin O. Teague of Teague & Carlisle, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Edward N. Shaw, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery with two prior convictions for felonies alleged for enhancement; the punishment, life.

In view of our disposition of this case, a recitation of the facts is not necessary other than to observe that the defense of alibi was raised by appellant's own and other testimony. During the cross examination of the police officer Mackay, the following occurred:

"Q. Now, after you took the defendant to the police station, Officer, did you have anything further to do with the case?

"A. Yes, sir. I questioned him in the case, and *he readily admitted that he was at this place of business at the time of this offense.*

"MR. TEAGUE: I object.

"THE COURT: Objection sustained.

"MR. TEAGUE: I ask that the officer's statement be stricken from the record.

"THE COURT: Of course, you asked the question if he had done anything else, but notwithstanding that I sustain the objection."

The unresponsive answer of the witness, who was a detective of sixteen years experience, in which he related an oral confession made by the accused while under arrest in violation of Article 727 Vernon's Ann.C.C.P., which he knew or should have known was inadmissible, calls for a reversal of this conviction. Gremmel v. State, 169 Tex.Cr.R. 508, 335 S.W. 2d 614; Sharp v. State, Tex.Cr.App., 217 S.W.2d 1017; and Weaver v. State, 146 Tex.Cr.R. 387, 175 S.W.2d 601.

Attention is also called to the fact that the trial court failed to instruct the jury not to consider the same when appellant's counsel asked that the officer's statement be stricken from the record. When

the court did not grant such request, appellant had received an adverse ruling which preserved the error.

The judgment is reversed and the cause remanded.