**Manuel Postert SANCHEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43987.**

Court of Criminal Appeals of Texas.

July 7, 1971.

———◆———

Robert F. Freeman, Midland (On Appeal Only) for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of he: ,in. Two prior convictions were alleged for enhancement. The punishment was assessed by the jury at life under Article 63, V.A.P.C.

The sufficiency of the evidence is not challenged.

The sole ground of error is that the court erred in overruling his motion for mistrial when an officer gave an unresponsive answer to the effect that he had information that appellant was a heroin dealer.

Bill Bessent testified that he was working as an undercover agent for the Texas Department of Public Safety and that he tried to act and dress as the heroin dealers did. He ran around with them and stayed with them and purchased narcotic drugs from them. He testified that he became acquainted with some people in Midland that were dealing in narcotics and that he was acquainted with Manuel Sanchez and that he saw him around 4:30 or 5:00 o'clock in the afternoon of the 12th day of August, 1969, in Midland. He was asked:

"Q. All right. And, what was the occasion that you had to see the defendant on August 12, 1969?

"A. The knowledge being brought to me that he was a heroin dealer. And, I went there—"

Appellant's counsel objected that it was hearsay and asked for the jury to be instructed not to consider it for any purpose. The court sustained the objection and instructed the jury not to consider the answer.

The prosecutor then admonished the witness to limit his answers to exactly whenever he was in the presence of the defendant and only at that time and not the other information that he may have acquired.

Bessent then testified that he had a conversation with the appellant about some narcotic drugs; that appellant asked him if he wanted to buy some heroin or some "stuff as it is referred ,to," and Bessent told him that he did. The transaction was

completed and Bessent paid him thirty dollars for some six single shot papers. He also testified that at the time of the sale appellant had approximately twenty papers in a rubber thumb stall.

Bessent testified that he was able to purchase narcotics through informants who relayed information to them and in that way they were able to infiltrate with the heroin pushers and dealers.

He testified that at the time he purchased the heroin he knew the appellant as "Copperhead." Leopoldo Gavia and Joe Jessie Gavia, two people he had met working at Midland, bought heroin from the appellant immediately prior to the purchase by Bessent.

Bessent was asked if he knew Manuel Sanchez prior to August 12, 1969. He answered, "No, sir. I knew him as Copperhead, and the information to me that he was a heroin dealer here in Midland, Texas." An objection was made and it was sustained and an instruction was asked that the jury not consider it. The court stated, "The Court will overruled your motion for a mistrial, and will sustain otherwise your objection."

Bessent, after this, testified that he had seen police mug shots of the appellant whom he knew as Copperhead prior to the purchase.

On cross-examination by appellant's counsel, Bessent testified that he was shown various mug shots of people who were suspected to be narcotic users and narcotic sellers prior to August 12; that he studied the mug shots of the narcotic dealers in the Midland area so that he would know them; that he knew immediately when he saw the appellant that he was "Copperhead."

■ The witness Bessent should not have volunteered the information especially the second time after he had been instructed by the district attorney not to do so and after the jury had been instructed not to consider it. However, in view of this record and especially that part where the appellant possessed twenty packages, sold some six papers of heroin to Bessent and sold heroin to two other people immediately prior to the sale in question plus the testimony of how appellant got in touch with dealers, we conclude that no reversible error has been shown.

Craig v. State, 169 Tex.Cr.R. 23, 331 S.W.2d 925, is relied upon by the appellant. It is distinguishable from the case at bar. There the Court wrote:

"There is no question in the writer's mind but that the prosecutor knew at the time he propounded the question set forth above just what answer he would receive and that it would constitute evidence to be utilized by the jury in reaching the conclusion that appellant was in the habit of killing his wives."

The Court stated that there was no question but that there was bad faith on the part of the prosecutor.

In the present case, the answers were admittedly unresponsive. In Roper v. State, Tex.Cr.App., 375 S.W.2d 454, an officer volunteered the testimony that they were taking Roper to the police station to run a polygraph test. The court sustained the objection and instructed the jury not to consider it for any purpose whatever and the court held that no reversible error was shown. See Paredes v. State, Tex.Cr.App., 368 S.W.2d 620.

■ It is noted that the indeterminate sentence law of not less than two years nor more than life was applied. Under Article 63, V.A.P.C., the indeterminate sentence law is not to be applied and the punishment is life. The sentence is reformed to show the punishment of "life."

There being no reversible error, the judgment of conviction, with sentence reformed, is affirmed.