**Joe P. SIERRA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44436.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Rehearing Denied March 8, 1972.

C. David Evans, Shirley W. Butts, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien B. Campbell, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, forty (40) years.

Appellant's first ground of error relates to jury separation. The court received the jury's verdict at about 6:00 on a Friday afternoon and then, over appellant's objection, excused the jury until Monday morning when the punishment phase of the trial began. Appellant, relying on Art. 35.23 and 37.07, Sec. 3(c), Vernon's Ann. C.C.P., contends that the statute requires that once a case has been submitted to the jury during the guilt or innocence phase of the trial, the jury should remain sequestered until the final verdict on punishment is rendered. In Johnson v. State, Tex.Cr. App., 469 S.W.2d 581, this Court concluded that the logical interpretation of these statutes is that sequestration is required only after a charge is given and before the jury renders a verdict on that charge. Once the jury reaches a verdict during the guilt or innocence phase, it is within the discretion of the trial court to permit the jury to separate until the charge on punishment is submitted. Appellant may show he was harmed by this action. No such showing was made here.

Appellant next contends that the court erred in admitting evidence of extraneous offenses. In the first instance cited, the prosecutor was questioning the arresting officer concerning the circumstances of the arrest and in the course of his response the officer stated that he told the defendant he was under arrest "on two outstanding warrants. One for murder and one for possession of heroin."

Appellant's objection was sustained but his motion for a mistrial overruled. The jury was instructed not to consider the answer. Statements concerning the circumstances of an arrest are admissible. Wilson v. State, Tex.Cr.App., 436 S.W.2d 542. The officer's answer was unresponsive. Such an answer is not error where the court promptly instructs the jury not to consider it. Jackson v. State, Tex.Cr.App., 439 S.W.2d 843; Noble v. State, Tex.Cr. App., 402 S.W.2d 758. The officer's answer was not of such a prejudicial nature that it could not have been cured by the instruction to the jury. Campbell v. State, Tex.Cr.App., 373 S.W.2d 749; Thomas v. State, Tex.Cr.App., 468 S.W.2d 418. In the case at bar in the absence of the jury

it was developed that the question was not propounded for the purpose of securing the answer which was given and the matter was not again mentioned before the jury. Further, appellant did not object to a later answer by the officer in which he stated he booked appellant "on the two warrants."

In Craig v. State, 169 Tex.Cr.R. 23, 331 S.W.2d 925, relied on by appellant, we find not only was there a deliberate effort to develop testimony of another crime but details of how it was effectuated as well. In Craig, supra, a question was asked for the deliberate purpose of securing an answer showing not only that the appellant was suspected of another murder but also that the suspected murder had been committed in a certain way.

■ The other instance in the present case which occurred during the punishment phase involved reputation testimony of a police officer. The prosecutor asked whether the officer had occasion to converse with appellant during his time with the police. The witness began to answer, "I stopped . . . ." At this point the appellant objected that the response alluded to an extraneous offense. The objection was overruled. It cannot be said that the witness made a prejudicial statement; he did not have a chance. The objection was properly overruled.

Appellant's third ground of error is that the court erred in admitting prior inconsistent statements of a witness. Shortly after the shooting, the witness, Rosendo Martinez, the operator of the lounge where the shooting took place, gave two statements to the place concerning the incident. He did not mention the position of deceased's hand at the time of the shooting and stated that he did not see the shots fired. The witness was called by appellant and stated that deceased was agitated and argumentative while at the lounge, that he saw deceased with his hands in his pockets just prior to the shooting and that he saw the actual shooting. On cross-examination the witness was questioned about his prior statements.

An objection to the admissibility of the statements was overruled and the jury instructed not to consider the statements as affirmative evidence but merely to determine the credibility of the witness. The record further reflects that only one of these statements went before the jury.

■ A witness' prior inconsistent statements are admissible to impeach the witness. Hollingsworth v. State, 122 Tex. Cr.R. 545, 56 S.W.2d 869; Mitchell v. State, 156 Tex.Cr.R. 128, 239 S.W.2d 384; Davidson v. State, Tex.Cr.App., 386 S.W. 2d 144. Appellant's approach to the problem seems based on the assumption that this witness was a State witness and could, therefore, not be impeached in this manner. However, this is not the case. Though subpoenaed by the State, the witness was called by the defense and was, therefore, of course, a defense witness.

Appellant further contends that the court's limiting charge did not cure the defect in admitting the statements and cites Wall v. State, Tex.Cr.App., 417 S.W.2d 59. Wall involved a situation where the prosecution deliberately called a witness knowing her testimony would be contradictory to a previous statement she gave them and then proceeded to impeach her on the basis of that statement. There the court held that such a defect was not cured even by a limiting instruction. This was not the case here.

The statements were properly admitted.

■ Appellant's fourth, fifth and sixth grounds of error dealing with jury argument and the charge, are not in compliance with Article 40.09, Section 9, V.A. C.C.P., because they all do not "set forth separately each ground of error" appellant raises. Several different objections to the arguments in the same ground of error cannot be considered on appeal. Rose v. State, Tex.Cr.App., 470 S.W.2d 198; Flan-

agan v. State, Tex.Cr.App., 465 S.W.2d 755. More than one objection to a charge in the same ground of error is not subject to consideration on appeal. Bell v. State, Tex.Cr.App., 442 S.W.2d 716.

Regarding the merits, appellant's fourth ground objects to various portions of the prosecutor's argument in both the guilt and innocence phase and the punishment phase. Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, and Pennington v. State, 171 Tex. Cr.R. 130, 345 S.W.2d 527, cited by appellant have been explained in Spencer v. State, Tex.Cr.App., 466 S.W.2d 749. If the arguments were properly before the Court, they would not reflect reversible error.

▮ In appellant's fifth ground of error he raises two objections to the court's charge. First, he submits that the charge regarding the impeachment of Rosendo Martinez was improper because it was not properly limited to only certain portions and because it did not identify the witness. The charge is substantially the same as that found in 1 Branch's Ann.P.C., Sec. 202.3. Hunter v. State, 59 Tex.Cr.R. 439, 129 S.W. 125; Barr v. State, 146 Tex.Cr. R. 178, 172 S.W.2d 322.

▮ Next, appellant objects to a portion of the punishment phase charge where the trial judge deleted the word "punishment" so that it read:

[the penalty for] "murder with malice aforethought, is by confinement in . . ."

instead of:

[the penalty for] "murder with malice aforethought, is punishment by confinement . . . ."

Appellant claims this deletion constitutes a comment on the weight of the evidence. This contention is without merit. Indeed, it seems likely that the judge removed the word "punishment" from the charge to avoid just the type of objection appellant raises.

Appellant's sixth contention is that the court erred in refusing to include several requested instructions in its charge. The requests were properly denied.

▮ Last, appellant objects to admittance, over his objection, of a certified copy of prior judgment of conviction because it was not delivered to him in compliance with Article 3731a, Section 3, V.A. T.S. which states:

"Such writing shall be admissible only if the party offering it has delivered a copy thereof, or so much of it as may relate to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

Therefore, such a judgment, though not properly delivered is, nonetheless, admissible in the absence of unfair surprise to defendant. Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154; Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654; Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Redd v. State, Tex.Cr.App., 452 S.W.2d 919; Martinez v. State, Tex.Cr.App., 469 S.W.2d 185; Howard v. State, Tex.Cr.App., 453 S.W.2d 150.

In Roberts, supra, and Goolsby, supra, decided before the 1965 Code of Criminal Procedure revision, the prior convictions were alleged in the indictment and held sufficient to put accused on notice that these convictions would be introduced. In Martinez, supra, and Howard, supra, counsel did not object to the introduction of the prior conviction. In Denman, supra, and Redd, supra, objections were properly raised under Article 3731a and, in each, the court conducted an inquiry to determine whether counsel had actual notice of the prior conviction and whether he was unfairly surprised by the introduction of the conviction.

It is difficult for members of the Court, without evidence to the contrary, to conclude that counsel and appellant did not

know that appellant had been previously convicted of a felony offense and assessed two (2) years confinement in the Department of Corrections. We cannot conclude appellant was so unduly surprised as to reflect error.

Finding no reversible error, the judgment is affirmed.