Stephen Dwight **THOMPSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45951.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

James S. Moss, Mesquite, for appellant.

Henry Wade, Dist. Atty., and Michael P. Gibson, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary of a private residence at night with intent to commit theft; punishment was assessed by the jury at 49 years.

Appellant entered a plea of guilty in this cause. The evidence shows that between 10:30 and 12:00 P.M., on the night of the offense, the 82 year old complaining witness was in her home, where she lived alone, watching television. She heard a "scratching on the screen" of the front door and, as she walked toward the door to ascertain the cause of the alarm, she was shot. She fell to the floor and crawled behind a chair and waited a few seconds and then "crawled over to the door and slammed the door shut. Then he (appellant) shot (into the house) three more times."[1] As a result of the gunshot wound the complaining witness was hospitalized two weeks.

Appellant testified in his own behalf and admitted that he shot into the house to

1. At this time neighbors yelled at appellant and he fled without entering the home.

"scare" the occupant, who he had previously seen in the neighborhood. On cross-examination the following is revealed:

"Q. You saw the old lady out there and thought you'd burglarize her house?

A. Yes, sir.

Q. What were you going to take?

A. Money."

Appellant's first and second grounds of error complain of testimony of the psychiatrist who examined him in the Dallas County Jail.

The psychiatrist testified that from his examination he concluded that appellant "had a sociopathic personality disorder, anti-social type." He was asked to give the jury a definition of a sociopath and what kind of medication or treatment is used to correct such a person. In giving treatment for such behavior he included the statement: "The main thing we do is confine these people or withdraw them from society whether it's in our prison system or whether it's in our hospital system." There was no objection addressed to such statement, but after the state rested (six witnesses later) appellant moved that all of the psychiatrist's testimony be stricken and the motion was overruled.

■ No timely objection having been made, the error, if any, is not preserved. Johnson v. State, Tex.Cr.App., 482 S.W.2d 199; Woods v. State, Tex.Cr.App., 480 S.W.2d 664; Bradford v. State, Tex.Cr.App., 477 S.W.2d 544; Ansley v. State, Tex.Cr.App., 468 S.W.2d 862.

Also, appellant contends that the psychiatrist's testimony violated his "constitutional rights against self-incrimination."

■ We reject this contention. A plea of guilty before the jury waives all nonjurisdictional defects and defenses and admits the facts charged. See Utsman v. State, 485 S.W.2d 573; Andrade v. State, Tex. Cr.App., 470 S.W.2d 194; Durham v. State, Tex.Cr.App., 466 S.W.2d 758.

The first two grounds of error are overruled.

By his ground of error number three, the appellant argues that reversible error was committed by overruling his motion for a mistrial "when on cross-examination a witness for the state Billy D. Bateman, gave the non-responsive answer to a question by defense counsel informing the jury that appellant had previously been arrested for burglary."

■ The witness testified that he knew the appellant's general reputation in the community in which he resides, and that reputation was bad. On cross-examination the witness was asked when he first met the appellant and he replied: "I picked him up for residential burglary about two and a half days after Christmas." An objection was sustained and the jury instructed to disregard the answer. A motion for mistrial was overruled. Appellant, relying on Gremmel v. State, 169 Tex.Cr. R. 508, 335 S.W.2d 614, argues that "in this case the non-responsive answer informed the jury of a matter that was otherwise inadmissible and was of such a nature as to be extremely prejudicial to the appellant in this case as is pointed out by the severe verdict. Therefore, the trial court erred in overruling appellant's motion." His reliance upon Gremmel v. State, supra, is misplaced. Therein the objection to the statement made by the witness was overruled; whereas, in the case at bar, the objection was sustained, the jury instructed to disregard the answer and the motion for mistrial was overruled. We hold that the instruction cured the error, if any. Evans v. State, Tex.Cr.App., 477 S.W.2d 555; O'Dell v. State, Tex.Cr. App., 467 S.W.2d 444.

Ground of error number three is overruled.

By his fourth and last ground of error, the appellant contends he was denied effective assistance of counsel.

 This ground of error is not briefed and therefore does not comply with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Nevertheless, the record shows the representation to be adequate.

Ground of error number four is overruled.

The judgment is affirmed.