**Alfred McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45363.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

John J. Browne, Houston (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This conviction was for the primary offense of robbery by assault with the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., being assessed at life.

The sufficiency of the evidence is not challenged. Suffice it to say the State's evidence reflects that the complaining witness, George Russell, was robbed at gunpoint on December 9, 1970 by the appellant who took $8.00 from him. Houston Police Officers Lopez and Turner testified that they went to investigate the robbery and arrested the appellant as he was crossing a street not far from the place of the offense. They searched the appellant and found a gun and $8.00 on his person.

The appellant offered no testimony.

In his sole ground of error, appellant contends the trial court committed reversible error in failing to grant a mistrial motion when Officer Turner's unresponsive answer disclosed that the appellant had been previously arrested or charged with the offense of carrying a pistol.

Appellant relies upon the general rule that evidence of extraneous offenses is not admissible except under certain exceptions. See Hafti v. State, 416 S.W.2d 824 (Tex. Cr.App.1967).

The record reflects the following on the cross examination of Officer Turner:

"Q. Officer, did you fill out an offense report on this?

A. No, I didn't fill out one.

Q. Have you had occasion to review an offense report filled out concerning this?

A. Not this particular case we did not. We, I have reviewed one on carrying a pistol, but not on robbery by firearms."

At this point, appellant's counsel approached the bench and, out of the jury's hearing, moved for a mistrial. The motion was denied, but the court offered to instruct the jury to disregard the answer given. Such offer was expressly declined by appellant's counsel.

Appellant relies upon Richardson v. State, 379 S.W.2d 913 (Tex.Cr.App.1965), where an experienced officer volunteered, in an unresponsive answer, the statement that the defendant had given him an oral confession admitting guilt while under arrest, in violation of then Article 727, Vernon's Ann.C.C.P.1925 (now Article 38.22, Vernon's Ann.C.C.P.). The case was reversed. In *Richardson*, the court did state that

"[a]ttention is also called to the fact that the trial court failed to instruct the jury not to consider the same when appellant's counsel asked that the officer's statement be stricken from the record. When the court did not grant such request, appellant had received an adverse ruling which preserved the error."

The instant case can be distinguished from *Richardson* on the facts. Assuming the answer was unresponsive in part, it is observed that it did not involve an oral confession obtained in violation of the statute nor was there a clear inference that the appellant was involved in the offense report reviewed. Further, the jury was aware of the fact that the appellant had been arrested for carrying a pistol at a time subsequent to the robbery charged. Clearly, an instruction to disregard would have cured any error, but the appellant expressly rejected the court's offer in this regard.

In White v. State, 444 S.W.2d 921, 922 (Tex.Cr.App.1969), this court wrote:

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. . . . "

In Moore v. State, 434 S.W.2d 852 (Tex.Cr.App.1968), this court held that where an improper, unresponsive answer was given by a State's witness on cross examination by the appellant's counsel, the error could be cured by the court's instruction to the jury to disregard it.

In Franco v. State, 400 S.W.2d 548 (Tex.Cr.App.1966), a patrolman, in reply to a question on direct examination as to whether he had seen the defendant before, stated that he had handled the defendant numerous times previously. The statement was held to be not so prejudicial that it could not be cured by a jury instruction to disregard.

And, in Nunley v. State, 467 S.W.2d 452 (Tex.Cr.App.1971), the investigating officer was asked on cross examination if he knew when the defendant was apprehended. He answered, "Yes, sir. He was apprehended committing a burglary out on Scott Street." The court held the question was invited and probably responsive, "and even if it were not, the instruction to disregard cured any error." See also Sanchez v. State, 468 S.W.2d 814 (Tex.Cr.App.1971).

Given the particular circumstances of the instant case, and considering the refusal to accept the court's offer of a jury instruction to disregard, we conclude the appellant is in no position to complaint of the court's denial of his motion for a mistrial, even if it can be said that the answer given by the officer was improper and unresponsive.

The judgment is affirmed.