IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1540-07







GARLAND JEROME VENNUS, Appellant


v.


THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE THIRTEENTH COURT OF APPEALS

HARRIS COUNTY




 Price, J., filed a concurring opinion in which Womack, J., joined with respect
to Part I.


CONCURRING OPINION


 I agree that we should reverse the judgment of the court of appeals and reinstate the
trial court's judgment in this case. I would do so by sustaining the State's second ground for
review, however, and dismissing its first, rather than the other way around as the Court does
today. I am dubious of the Court's disposition of the State's estoppel/invited error holding,
and nervous about its implications for future cases. The court of appeals's opinion was
unpublished and of no precedential value. We can safely dispose of the case without
speaking to that issue. I would take the opportunity to do so. Because the Court does not,
I concur in the result only.

I.

 The trial court made no written findings of fact. (1) At the conclusion of the suppression
hearing, the parties argued over whether the appellant's detention for the traffic stop had
exceeded the time reasonably necessary to effectuate the purposes of the stop. (2) The trial
judge adjourned the proceedings briefly to review certain case law proffered to her by the
parties, including Herrera v. State. (3) She returned to court and announced that she would
deny the motion to suppress, having expressly found that "the time of the detention was not
excessive or unreasonable." Thus, by all appearances, the motion to suppress was tried and
resolved on the assumption that the appellant was only temporarily detained, not necessarily
subjected to a custodial arrest, even though he had been immediately removed from his car
and placed in the police patrol car, and was not free to go, apparently for the duration of the
stop leading up to the search of his car.

 Nevertheless, the State argued in the court of appeals that the search of the appellant's
car could be justified as a search incident to a custodial arrest. The court of appeals rejected
this contention with the following analysis:

 We do not believe the trial court could have reasonably concluded that
appellant had been arrested prior to the search of his vehicle. Officer Gill [the
narcotics investigator who ordered uniformed officers to stop the appellant]
never testified that appellant was under arrest or that he had been handcuffed; 
according to Gill, appellant had simply been placed in a patrol car for "safety
reasons" and "to prevent any kind of tampering with any evidence that might
be in the vehicle." In light of this explanation, the trial court could have only
reasonably concluded that appellant was merely being restrained in the patrol
car so that officers could safely investigate the scene while preserving the
status quo. We thus find no merit in the State's argument that the search of
appellant's vehicle was incident to a lawful custodial arrest. (4)


From the record it does appear unlikely that the trial court actually made a finding that the
appellant was under full custodial arrest so as to justify a search-incident-to-arrest rationale
to support the search of the appellant's car. The apparent purpose of the hearing was to
determine whether the appellant's investigative detention was unreasonably extended beyond
the point necessary to effectuate the traffic stop to allow the drug-sniffing dog to arrive.

 In its second ground for review, however, the State argues that the court of appeals's
analysis is inconsistent with State v. Ross. (5) Ross was decided prior to our holding, in State
v. Cullen, (6) that the losing party in a suppression hearing is entitled to insist that the trial court
enter express findings of fact and conclusions of law, so that appellate courts can review the
actual holdings of the trial court "based on the reality of what happened rather than on
assumptions that may be entirely fictitious." (7) In Ross we held that

 when the trial court fails to file findings of fact, we view the evidence in the
light most favorable to the trial court's ruling and assume that the trial court
made implicit findings of fact that support its ruling as long as those findings
are supported by the record. If the trial judge's decision is correct on any
theory of law applicable to the case, the decision will be sustained. (8)


The State argues that, because the record will support a finding that the search of the
appellant's car was incident to a valid custodial arrest, we should sustain the trial court's
denial of his motion to suppress, even if that was not the theory of law upon which the trial
court apparently proceeded. I agree.

 Section 543.001 of the Transportation Code provides that "[a]ny peace officer may
arrest without warrant a person found committing a violation of this subtitle." (9) A peace
officer may (and in the case of a speeding violation, must) offer that person the option of
signing a written notice and promise to appear in court in lieu of an immediate appearance
before a magistrate. (10) If the person signs the promise to appear, then he is immediately
released from detention. (11) If the person refuses to sign a promise to appear, he shall be
immediately taken before a magistrate. (12) The detention of a person for as long as it takes to
issue a citation does not amount to the kind of custodial arrest that would justify a search-incident-to-arrest without a warrant. (13) But the decision not to issue a citation, but to detain
the person for purposes of taking him before a magistrate, clearly would result in a custodial
arrest for such purposes. Such a custodial arrest for a mere traffic violation is not inconsistent
with the Fourth Amendment. (14) Nor is it subject to a constitutional challenge that it constitutes
a pretext for some ulterior purpose such as a narcotics search. (15)

 The police had probable cause to arrest the appellant by virtue of his illegal left hand
turn. (16) There was no testimony at the hearing whether the officers who arrested the appellant
ever actually issued him a citation. What the record does show without contradiction is that
they placed him in the patrol car, and that he was not free to go. From these facts the trial
court could reasonably have concluded that the appellant was under arrest, notwithstanding
(or even because of) the testimony from Officer Gill, as noted by the court of appeals, that
the appellant was placed in the patrol car for "safety reasons" and to prevent him from
tampering with evidence. The court of appeals believed these explanations for detaining the
appellant indicated that Officer Gill considered the appellant's seizure to constitute no more
than an investigative detention of some sort. But clearly there was no need to detain the
appellant in the patrol car so that the officers could further investigate the illegal left-hand
turn. In any event, officer safety and the preservation of evidence are the twin constitutional
justifications for a search incident to a full custodial arrest. (17) In the absence of express
findings of fact and conclusions of law, and consistent with Ross, we may affirm the trial
court's ultimate ruling on the implicit finding that the appellant was under arrest. And even
though the appellant was already in the patrol car when the search took place, we may
reasonably conclude that the search was justifiable as a search incident to his arrest. (18)

 The court of appeals erred to hold otherwise. For this reason, rather than dismiss the
State's second ground for review as "unnecessary" to our disposition of the case, I would rely
on it as the basis to reverse the court of appeals's judgment and affirm the judgment of the
trial court. It is the State's first ground for review that I would dismiss.

II.

 Because I would reverse the court of appeals without reaching the State's first ground
for review, I need not ultimately express an opinion with respect to the court of appeals's
rejection of the State's invited error/estoppel argument. And I do not. Nevertheless, I feel
compelled to offer a few observations.

 As I understand it, the Court holds that the appellant is estopped from challenging the
sufficiency of the State's evidence to establish a reasonable suspicion to detain him beyond
the time necessary to effectuate the traffic stop because it was his own action in objecting to
certain questions during the hearing that prevented the State from satisfying its burden of
production on that issue. It is clear enough that, on the record before us, proof of a
reasonable suspicion is lacking. It is less than clear--to me at least--that it was any action
on the appellant's part that caused this deficiency in proof.

 The Court believes that the appellant's "general, non-specific, and meritless"
objection prevented the State from satisfying its burden. (19) On the strength of this Court's
opinion in Murphy v. State, the Court holds that the objection estopped the appellant from
alleging a deficiency of proof on appeal. It is far from evident to me, however, either 1) that
the appellant's objection was meritless, 2) that his objection prevented the State from
satisfying its burden, or 3) that Murphy should control.

 First: While the appellant's objection was certainly "general" and "non-specific," I
do not know how the Court can tell that it was "meritless." As the Court observes, (20) the trial
court was not bound by the Texas Rules of Evidence in this suppression hearing. (21) That
being the case, I do not understand how a reviewing court can say that any objection to the
admission of evidence is (or, for that matter, is not) "meritless." If a trial court is not bound
by the rules of evidence, it may even refuse to admit plainly relevant evidence, since it is a
rule of evidence that makes relevant evidence admissible (subject to certain exceptions) and
irrelevant evidence inadmissible. (22) If the rules of evidence did apply to a suppression
hearing, I would agree with the Court that the appellant's ultimate objection was meritless. 
The prosecutor's rephrased question ("What was that [the belief that the appellant had
contraband in his car] based upon?") sought to elicit information that was clearly relevant to
the State's burden to prove that Officer Gill had a reasonable suspicion that contraband was
in the appellant's car, so as to justify detaining him for as long as it might reasonably take
to obtain the drug-sniffing dog. And the answer would not be susceptible to a hearsay
objection, since it would not be offered for the truth of the matters asserted, but only to show
that Officer Gill's suspicion was a reasonable one. (23)

 But if the rules of evidence are advisory only, then the failure of the trial court to
follow them cannot be deemed erroneous by a reviewing court. "[T]he discretion wielded
by the trial court is discretion incapable of abuse." (24) Under these conditions, every objection
is "general" and "non-specific," since there is no rule-governed basis to lodge them. And
any objection is potentially meritorious; all one has to do, after all, is convince the trial court.

 Second: Even if it could be said with any conviction in a non-rule-governed context
that the appellant's objection was "meritless," there was nothing to prevent the State from
trying again. There is no reason the State could not have attempted to elicit whatever
additional evidence it may have had to support reasonable suspicion in a different form. 
Because it is difficult to know what it was about the appellant's objection that struck a chord
with the trial judge, it is quite possible that the State could have rephrased its question in a
way that the trial judge would have found acceptable.

 The prosecutor's first question was: "Now, based upon your training and experience,
did you have a reasonable belief that the defendant had some kind of contraband in his car?" 
It is quite plausible to construe this question as seeking Gill's opinion whether, based upon
his experience and what little evidence the State had developed up to that point to show
reasonable suspicion, his belief that the defendant had contraband in his car was in fact a
reasonable one. This is essentially a legal question--one for the judge to decide, not the
witness. The appellant's counsel struggled to find the right objection. His first attempt was
"speculation." But there would be nothing at all speculative about the officer's opinion that
his own belief was reasonable, so it is understandable that the trial court overruled this
particular objection.

 The prosecutor immediately rephrased the question. This time he asked it in a manner
that did not seem to call for the officer's opinion whether the basis for his belief was in fact
a legally reasonable one, but simply inquired what the basis for that belief was ("What was
that [belief] based on?"). When the appellant's counsel again objected, without specifying
a ground ("Objection, Your Honor --"), the trial court apparently cut him off and immediately
sustained his objection. It is as if it had finally dawned on the trial judge what the true (if as
yet unarticulated) ground for counsel's objection to the previous question was, and she was
belatedly ruling on the first, arguably improper question rather than ruling on the second,
manifestly proper one.

 It is, of course, impossible to know on a cold record. But it could plausibly have
happened this way. And if that is the case, it seems that the prosecutor is no less at fault than
the appellant for the deficient state of the record with respect to reasonable suspicion. 
Instead of pressing the matter further, perhaps rephrasing (or simply reiterating) his second
question to make it apparent to the trial court that he was no longer asking for Gill's opinion
of the reasonableness of his belief, but asking purely for the factual basis for that belief, the
prosecutor simply let the matter go and never returned to it. He made no bill of exceptions
to have the record show what his properly formulated question would have elicited. By
applying estoppel to these facts, the Court grants the State a windfall, assuming that the
answer would have provided reasonable suspicion. But even a cursory reading of the record
of the brief suppression hearing leaves an impression that there was not much more the State
had to offer in the way of a factual basis for Officer's Gill's belief.

 Third: In any event, there is reason to hesitate to rely upon Murphy as precedent for
the Court's invited error holding here. In Murphy, the trial court ruled that the fruit of a
contested search could be admitted at trial because the search had been conducted with the
consent of the homeowner, Murphy's aunt. (25) At trial, Murphy successfully interposed a
hearsay objection whenever the State attempted to elicit evidence of "the legality of the
search." (26) He therefore prevented any fact issue from arising before the jury with respect to
the legality of the search, and when he later requested a jury instruction under Article 38.23
of the Code of Criminal Procedure, (27) the trial court denied it. (28) This Court ruled that the
appellant was not entitled to the instruction because the evidence did not raise it. (29)

 In what is arguably dicta, the Court then continued:

 Insofar as it may be argued that the State failed to demonstrate before
the jury the basis of the legality of the search, the appellant is estopped to
complain. He elected to prevent any disputed fact issue from coming before
the jury. See and compare Ex parte Guerrero, 521 S.W.2d 613 (Tex.Cr.App.
1975; McGee v. State, 486 S.W.2d 942 (Tex.Cr.App. 1972); Cadd v. State,
587 S.W.2d 736 (Tex.Cr.App. 1979); Holmes v. State, 140 Tex.Cr.R. 619, 146
S.W.2d 400 (1940); 5 Tex.Jur.2d, Appeal and Error--Criminal, § 409; 5
Am.Jur.2d, Appeal and Error, §§ 713-719. (30)


But it is not at all clear that Murphy ever argued that "the State failed to demonstrate before
the jury the basis of the legality of the search." All he needed to show to be entitled to an
instruction under Article 38.23 was a factual dispute. Absent such a factual dispute, he was
not entitled to the instruction under the law. That Murphy himself contributed to the lack of
any such dispute by interposing bogus hearsay objections to the State's questioning was
incidental to the Court's ultimate disposition.

 Moreover, applying the estoppel/invited error doctrine to the facts of Murphy seems
a little odd. The doctrine typically applies (as the cases cited in Murphy illustrate) when a
defendant requests something of the trial court and then complains on appeal that it was
done; or objects to something the trial court proposes to do and then complains on appeal
when the trial court desists from doing it. (31) Murphy did not complain on appeal that the trial
court erred to sustain his hearsay objections. Nor did the appellant in this case complain on
appeal that the trial court sustained his "general" and "unspecified" objection.

 Rather than extend the dubious dicta of Murphy to a factually ambiguous scenario, I
would simply dismiss the State's first ground for review as moot, in view of my suggested
disposition of the State's second ground for review. Because the Court does not, I concur
in the result, but do not join the Court's opinion.


Filed: April 22, 2009

Publish 
1. The suppression hearing occurred in March of 2005. This was more than a year before our
holding, in State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006), that the trial court is required to
issue express findings of fact and conclusions of law when so requested by the losing party.
2. The appellant was pulled over for illegally making a left hand turn from an improper lane. The
record does not reveal whether the uniformed officers who had been instructed to pull him over ever
issued him a traffic citation for this offense.
3. 80 S.W.3d 283 (Tex.App.--Texarkana 2002, pet. ref'd).
4. Vennus v. State, No. 13-05-244-CR, 2007 WL 2215970 (Tex.App.--Corpus Christi, delivered
August 2, 2007) (not designated for publication) (slip op. at 13).
5. 32 S.W.3d 853 (Tex. Crim. App. 2000).
6. 195 S.W.3d 696 (Tex. Crim. App. 2006).
7. Id. at 698 (quoting State v. Ross, supra, at 860 (Womack, J., concurring)).
8. State v. Ross, supra, at 855-56 (emphasis added).
9. Tex. Transp. Code § 543.001. See Boyett v. State, 487 S.W.2d 357, 359 (Tex. Crim. App.
1972); Nite v. State, 882 S.W.2d 587, 591-92 (Tex. App.--Houston [1st] 1994, no pet.).
10. Tex. Transp. Code §§ 543.003, 543.004(a)(1) & 543.005.
11. Id. § 543.005.
12. Id. § 543.002(a)(2).
13. E.g., Thomas v. State, 572 S.W.2d 507, 509 (Tex. Crim. App. 1976) (opinion on original
submission); Christian v. State, supra; Linnett v. State, 647 S.W.2d 672, 675 (Tex. Crim. App. 1983); 
Williams v. State, 726 S.W.2d 99, 101 n.1 (Tex. Crim. App. 1986). See also George E. Dix & Robert
O. Dawson, 40 Texas Practice: Criminal Practice and Procedure § 10.14 (2d ed. 2001), at 579
("If fealty to the statutory language [of the Transportation Code] requires that the detention involved
[in a "traffic stop"] be labeled an 'arrest,' it is not the sort of 'custodial arrest' that subjects the person
to the incidental searches allowed by Fourth Amendment law.").
14. Atwood v. City of Lago Vista, 532 U.S. 318 (2001).
15. Arkansas v. Sullivan, 532 U.S. 769 (2001).
16. Officer Gill observed the appellant turn left at an intersection from a middle lane of traffic. 
This constitutes a violation of Tex. Trans. Code § 545.101(b)(1), which requires that a left turn at
an intersection be made from "the extreme left-hand lane lawfully available[.]" Section 545.101 is
found in the same subtitle of the Transportation Code as Section 543.001, so Officer Gill was
authorized to arrest the appellant without a warrant for this traffic offense.
17. The Fourth Amendment doctrine allowing a warrantless search incident to arrest is "justified
by the need [of law enforcement personnel] to remove any weapon the arrestee might seek to use to
resist arrest or to escape, and the need to prevent the concealment or destruction of evidence." 
Thornton v. United States, 541 U.S. 615, 620 (2004).
18. In Thornton, supra, the Supreme Court upheld a vehicle search as incident-to-arrest even
though the arrestee had been secured in the police car by the time the officers conducted the search. 
Thus, that court has "apparently approved application" of the search-incident-to-arrest doctrine to this
set of facts. See George E. Dix & Robert O. Dawson, 40 Texas Practice: Criminal Practice and
Procedure § 12.60 (2d ed Supp. 2008), at 293.
19. Majority opinion, at 5.
20. Id. at 3, n.1.
21. Tex. R. Evid. 104(a); Granados v. State, 85 S.W.3d 217, 226-230 (Tex. Crim. App. 2002).
22. See Tex. R. Evid. 402 ("All relevant evidence is admissible, except as otherwise provided by
Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority. 
Evidence which is not relevant is inadmissible.").
23. See Tex. R. Evid. 801(d) ("'Hearsay' is a statement, other than one made by a declarant while
testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). See
George E. Dix & Robert O. Dawson, 42 Texas Practice: Criminal Practice and Procedure §
29.133 (2d ed. 2001) ("Often, a critical issue in a suppression hearing is the factual basis on which an
officer acted, that is, the information the officer received and relied upon in making a stop, an arrest,
or a search. Where this is the case, the officer's testimony as to what others said is not hearsay because
the testimony concerning the out-of-court statement of the declarant is not offered 'to prove the truth
of the matter asserted' as is necessary to make it hearsay."). Cf. Campbell v. State, 910 S.W.2d 475,
480 (Tex. Crim. App. 1995) (hearsay admissible at suppression hearings to show, e.g., consent,
articulable suspicion, or probable cause).
24. Granados v. State, supra, at 240 (Meyers, J., dissenting).
25. Murphy v. State, supra, at 298.
26. Id. at 299.
27. Tex. Code Crim. Proc. art. 38.23.
28. Murphy, supra, at 299.
29. Id.
30. Id. at 299-300.
31. See Ex parte Guerrero, supra, at 614 (applicant "invited" error by requesting trial court to
stack sentences in improper sequence, and could not claim in habeas proceedings that cumulation order
was void); McGee v. State, supra, at 943 (following improper testimony, appellant could not decline
curative instruction and then complain on appeal that trial court erred in failing to grant mistrial when
curative instruction would have been efficacious); Cade v. State, supra, at 741 (appellant cannot
"invite" trial court to submit a jury charge and then complain of that charge on appeal); Holmes v.
State, supra, at 403 (appellant could not object in the trial court to a paragraph in the jury charge and
then complain on appeal that the trial court removed it).