

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1540-07

**GARLAND JEROME VENNUS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## HARRIS COUNTY

PRICE, J., filed a concurring opinion in which WOMACK, J., joined with respect to Part I.

## CONCURRING OPINION

I agree that we should reverse the judgment of the court of appeals and reinstate the

trial court's judgment in this case. I would do so by sustaining the State's second ground for

review, however, and dismissing its first, rather than the other way around as the Court does

today. I am dubious of the Court's disposition of the State's estoppel/invited error holding,

and nervous about its implications for future cases. The court of appeals's opinion was

unpublished and of no precedential value. We can safely dispose of the case without speaking to that issue. I would take the opportunity to do so. Because the Court does not, I concur in the result only.

## I.

The trial court made no written findings of fact.[1] At the conclusion of the suppression hearing, the parties argued over whether the appellant's detention for the traffic stop had exceeded the time reasonably necessary to effectuate the purposes of the stop.[2] The trial judge adjourned the proceedings briefly to review certain case law proffered to her by the parties, including *Herrera v. State*.[3] She returned to court and announced that she would deny the motion to suppress, having expressly found that "the time of the detention was not excessive or unreasonable." Thus, by all appearances, the motion to suppress was tried and resolved on the assumption that the appellant was only temporarily detained, not necessarily subjected to a custodial arrest, even though he had been immediately removed from his car and placed in the police patrol car, and was not free to go, apparently for the duration of the

---

[1] The suppression hearing occurred in March of 2005. This was more than a year before our holding, in *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006), that the trial court is required to issue express findings of fact and conclusions of law when so requested by the losing party.

[2] The appellant was pulled over for illegally making a left hand turn from an improper lane. The record does not reveal whether the uniformed officers who had been instructed to pull him over ever issued him a traffic citation for this offense.

[3] 80 S.W.3d 283 (Tex.App.—Texarkana 2002, pet. ref'd).

stop leading up to the search of his car.

Nevertheless, the State argued in the court of appeals that the search of the appellant's car could be justified as a search incident to a custodial arrest. The court of appeals rejected this contention with the following analysis:

> We do not believe the trial court could have reasonably concluded that appellant had been arrested prior to the search of his vehicle. Officer Gill [the narcotics investigator who ordered uniformed officers to stop the appellant] never testified that appellant was under arrest or that he had been handcuffed; according to Gill, appellant had simply been placed in a patrol car for "safety reasons" and "to prevent any kind of tampering with any evidence that might be in the vehicle." In light of this explanation, the trial court could have only reasonably concluded that appellant was merely being restrained in the patrol car so that officers could safely investigate the scene while preserving the status quo. We thus find no merit in the State's argument that the search of appellant's vehicle was incident to a lawful custodial arrest.[4]

From the record it does appear unlikely that the trial court actually made a finding that the appellant was under full custodial arrest so as to justify a search-incident-to-arrest rationale to support the search of the appellant's car. The apparent purpose of the hearing was to determine whether the appellant's investigative detention was unreasonably extended beyond the point necessary to effectuate the traffic stop to allow the drug-sniffing dog to arrive.

In its second ground for review, however, the State argues that the court of appeals's analysis is inconsistent with *State v. Ross*.[5] *Ross* was decided prior to our holding, in *State*

---

[4] *Vennus v. State*, No. 13-05-244-CR, 2007 WL 2215970 (Tex.App.—Corpus Christi, delivered August 2, 2007) (not designated for publication) (slip op. at 13).

[5] 32 S.W.3d 853 (Tex. Crim. App. 2000).

*v. Cullen*,[6] that the losing party in a suppression hearing is entitled to insist that the trial court enter express findings of fact and conclusions of law, so that appellate courts can review the actual holdings of the trial court "based on the reality of what happened rather than on assumptions that may be entirely fictitious."[7] In *Ross* we held that

> when the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained.*[8]

The State argues that, because the record will support a finding that the search of the appellant's car was incident to a valid custodial arrest, we should sustain the trial court's denial of his motion to suppress, even if that was not the theory of law upon which the trial court apparently proceeded. I agree.

Section 543.001 of the Transportation Code provides that "[a]ny peace officer may arrest without warrant a person found committing a violation of this subtitle."[9] A peace officer may (and in the case of a speeding violation, must) offer that person the option of signing a written notice and promise to appear in court in lieu of an immediate appearance

---

[6] 195 S.W.3d 696 (Tex. Crim. App. 2006).

[7] *Id*. at 698 (quoting *State v. Ross*, *supra*, at 860 (Womack, J., concurring)).

[8] *State v. Ross*, *supra*, at 855-56 (emphasis added).

[9] TEX. TRANSP. CODE § 543.001. *See Boyett v. State*, 487 S.W.2d 357, 359 (Tex. Crim. App. 1972); *Nite v. State*, 882 S.W.2d 587, 591-92 (Tex. App.—Houston [1st] 1994, no pet.).

before a magistrate.[10]  If the person signs the promise to appear, then he is immediately released from detention.[11]  If the person refuses to sign a promise to appear, he shall be immediately taken before a magistrate.[12]  The detention of a person for as long as it takes to issue a citation does not amount to the kind of custodial arrest that would justify a search-incident-to-arrest without a warrant.[13]  But the decision not to issue a citation, but to detain the person for purposes of taking him before a magistrate, clearly would result in a custodial arrest for such purposes.  Such a custodial arrest for a mere traffic violation is not inconsistent with the Fourth Amendment.[14]  Nor is it subject to a constitutional challenge that it constitutes a pretext for some ulterior purpose such as a narcotics search.[15]

The police had probable cause to arrest the appellant by virtue of his illegal left hand

---

[10]

TEX. TRANSP. CODE §§ 543.003, 543.004(a)(1) & 543.005.

[11]

*Id*. § 543.005.

[12]

*Id*. § 543.002(a)(2).

[13]

*E.g.*, *Thomas v. State*, 572 S.W.2d 507, 509 (Tex. Crim. App. 1976) (opinion on original submission); *Christian v. State*, *supra*; *Linnett v. State*, 647 S.W.2d 672, 675 (Tex. Crim. App. 1983); *Williams v. State*, 726 S.W.2d 99, 101 n.1 (Tex. Crim. App. 1986). *See also* George E. Dix & Robert O. Dawson, 40 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 10.14 (2d ed. 2001), at 579 ("If fealty to the statutory language [of the Transportation Code] requires that the detention involved [in a "traffic stop"] be labeled an 'arrest,' it is not the sort of 'custodial arrest' that subjects the person to the incidental searches allowed by Fourth Amendment law.").

[14]

*Atwood v. City of Lago Vista*, 532 U.S. 318 (2001).

[15]

*Arkansas v. Sullivan*, 532 U.S. 769 (2001).

turn.[16] There was no testimony at the hearing whether the officers who arrested the appellant ever actually issued him a citation. What the record does show without contradiction is that they placed him in the patrol car, and that he was not free to go. From these facts the trial court *could* reasonably have concluded that the appellant was under arrest, notwithstanding (or even because of) the testimony from Officer Gill, as noted by the court of appeals, that the appellant was placed in the patrol car for "safety reasons" and to prevent him from tampering with evidence. The court of appeals believed these explanations for detaining the appellant indicated that Officer Gill considered the appellant's seizure to constitute no more than an investigative detention of some sort. But clearly there was no need to detain the appellant in the patrol car so that the officers could further investigate the illegal left-hand turn. In any event, officer safety and the preservation of evidence are the twin constitutional justifications for a search incident to a full custodial arrest.[17] In the absence of express findings of fact and conclusions of law, and consistent with *Ross*, we may affirm the trial court's ultimate ruling on the *implicit* finding that the appellant was under arrest. And even

---

[16]

Officer Gill observed the appellant turn left at an intersection from a middle lane of traffic. This constitutes a violation of TEX. TRANS. CODE § 545.101(b)(1), which requires that a left turn at an intersection be made from "the extreme left-hand lane lawfully available[.]" Section 545.101 is found in the same subtitle of the Transportation Code as Section 543.001, so Officer Gill was authorized to arrest the appellant without a warrant for this traffic offense.

[17]

The Fourth Amendment doctrine allowing a warrantless search incident to arrest is "justified by the need [of law enforcement personnel] to remove any weapon the arrestee might seek to use to resist arrest or to escape, and the need to prevent the concealment or destruction of evidence." *Thornton v. United States*, 541 U.S. 615, 620 (2004).

though the appellant was already in the patrol car when the search took place, we may reasonably conclude that the search was justifiable as a search incident to his arrest.[18]

The court of appeals erred to hold otherwise. For this reason, rather than dismiss the State's second ground for review as "unnecessary" to our disposition of the case, I would rely on it as the basis to reverse the court of appeals's judgment and affirm the judgment of the trial court. It is the State's *first* ground for review that I would dismiss.

## II.

Because I would reverse the court of appeals without reaching the State's first ground for review, I need not ultimately express an opinion with respect to the court of appeals's rejection of the State's invited error/estoppel argument. And I do not. Nevertheless, I feel compelled to offer a few observations.

As I understand it, the Court holds that the appellant is estopped from challenging the sufficiency of the State's evidence to establish a reasonable suspicion to detain him beyond the time necessary to effectuate the traffic stop because it was his own action in objecting to certain questions during the hearing that prevented the State from satisfying its burden of production on that issue. It is clear enough that, on the record before us, proof of a reasonable suspicion is lacking. It is less than clear—to me at least—that it was any action

---

[18]
   In *Thornton*, *supra*, the Supreme Court upheld a vehicle search as incident-to-arrest even though the arrestee had been secured in the police car by the time the officers conducted the search. Thus, that court has "apparently approved application" of the search-incident-to-arrest doctrine to this set of facts. *See* George E. Dix & Robert O. Dawson, 40 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 12.60 (2d ed Supp. 2008), at 293.

on the appellant's part that caused this deficiency in proof.

The Court believes that the appellant's "general, non-specific, and meritless" objection prevented the State from satisfying its burden.[19] On the strength of this Court's opinion in *Murphy v. State*, the Court holds that the objection estopped the appellant from alleging a deficiency of proof on appeal. It is far from evident to me, however, either 1) that the appellant's objection was meritless, 2) that his objection prevented the State from satisfying its burden, or 3) that *Murphy* should control.

**First:** While the appellant's objection was certainly "general" and "non-specific," I do not know how the Court can tell that it was "meritless." As the Court observes,[20] the trial court was not bound by the Texas Rules of Evidence in this suppression hearing.[21] That being the case, I do not understand how a reviewing court can say that any objection to the admission of evidence is (or, for that matter, is not) "meritless." If a trial court is not bound by the rules of evidence, it may even refuse to admit plainly relevant evidence, since it is a rule of evidence that makes relevant evidence admissible (subject to certain exceptions) and irrelevant evidence inadmissible.[22] If the rules of evidence *did* apply to a suppression

---

[19] Majority opinion, at 5.

[20] *Id*. at 3, n.1.

[21] TEX. R. EVID. 104(a); *Granados v. State*, 85 S.W.3d 217, 226-230 (Tex. Crim. App. 2002).

[22] *See* TEX. R. EVID. 402 ("All relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority.

hearing, I would agree with the Court that the appellant's ultimate objection was meritless. The prosecutor's rephrased question ("What was that [the belief that the appellant had contraband in his car] based upon?") sought to elicit information that was clearly relevant to the State's burden to prove that Officer Gill had a reasonable suspicion that contraband was in the appellant's car, so as to justify detaining him for as long as it might reasonably take to obtain the drug-sniffing dog. And the answer would not be susceptible to a hearsay objection, since it would not be offered for the truth of the matters asserted, but only to show that Officer Gill's suspicion was a reasonable one.[23]

But if the rules of evidence are advisory only, then the failure of the trial court to follow them cannot be deemed erroneous by a reviewing court. "[T]he discretion wielded by the trial court is discretion incapable of abuse."[24] Under these conditions, *every* objection is "general" and "non-specific," since there is no rule-governed basis to lodge them. And

---

Evidence which is not relevant is inadmissible.").

[23]

*See* TEX. R. EVID. 801(d) ("'Hearsay' is a statement, other than one made by a declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). *See* George E. Dix & Robert O. Dawson, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 29.133 (2d ed. 2001) ("Often, a critical issue in a suppression hearing is the factual basis on which an officer acted, that is, the information the officer received and relied upon in making a stop, an arrest, or a search. Where this is the case, the officer's testimony as to what others said is not hearsay because the testimony concerning the out-of-court statement of the declarant is not offered 'to prove the truth of the matter asserted' as is necessary to make it hearsay."). *Cf. Campbell v. State*, 910 S.W.2d 475, 480 (Tex. Crim. App. 1995) (hearsay admissible at suppression hearings to show, *e.g.*, consent, articulable suspicion, or probable cause).

[24]

*Granados v. State*, *supra*, at 240 (Meyers, J., dissenting).

*any* objection is potentially meritorious; all one has to do, after all, is convince the trial court.

**Second:** Even if it could be said with any conviction in a non-rule-governed context that the appellant's objection was "meritless," there was nothing to prevent the State from trying again. There is no reason the State could not have attempted to elicit whatever additional evidence it may have had to support reasonable suspicion in a different form. Because it is difficult to know what it was about the appellant's objection that struck a chord with the trial judge, it is quite possible that the State could have rephrased its question in a way that the trial judge would have found acceptable.

The prosecutor's first question was: "Now, based upon your training and experience, did you have a reasonable belief that the defendant had some kind of contraband in his car?" It is quite plausible to construe this question as seeking Gill's opinion whether, based upon his experience and what little evidence the State had developed up to that point to show reasonable suspicion, his belief that the defendant had contraband in his car was in fact a *reasonable* one. This is essentially a *legal* question—one for the judge to decide, not the witness. The appellant's counsel struggled to find the right objection. His first attempt was "speculation." But there would be nothing at all speculative about the officer's opinion that his own belief was reasonable, so it is understandable that the trial court overruled this particular objection.

The prosecutor immediately rephrased the question. This time he asked it in a manner that did not seem to call for the officer's opinion whether the basis for his belief was in fact

a legally reasonable one, but simply inquired what the basis for that belief *was* ("What was that [belief] based on?"). When the appellant's counsel again objected, without specifying a ground ("Objection, Your Honor --"), the trial court apparently cut him off and immediately sustained his objection. It is as if it had finally dawned on the trial judge what the true (if as yet unarticulated) ground for counsel's objection to the *previous* question was, and she was belatedly ruling on the first, arguably improper question rather than ruling on the second, manifestly proper one.

It is, of course, impossible to know on a cold record. But it could plausibly have happened this way. And if that is the case, it seems that the prosecutor is no less at fault than the appellant for the deficient state of the record with respect to reasonable suspicion. Instead of pressing the matter further, perhaps rephrasing (or simply reiterating) his second question to make it apparent to the trial court that he was no longer asking for Gill's opinion of the *reasonableness* of his belief, but asking purely for the factual *basis* for that belief, the prosecutor simply let the matter go and never returned to it. He made no bill of exceptions to have the record show what his properly formulated question would have elicited. By applying estoppel to these facts, the Court grants the State a windfall, assuming that the answer would have provided reasonable suspicion. But even a cursory reading of the record of the brief suppression hearing leaves an impression that there was not much more the State had to offer in the way of a factual basis for Officer's Gill's belief.

**Third:** In any event, there is reason to hesitate to rely upon *Murphy* as precedent for

the Court's invited error holding here. In *Murphy*, the trial court ruled that the fruit of a contested search could be admitted at trial because the search had been conducted with the consent of the homeowner, Murphy's aunt.[25] At trial, Murphy successfully interposed a hearsay objection whenever the State attempted to elicit evidence of "the legality of the search."[26] He therefore prevented any fact issue from arising before the jury with respect to the legality of the search, and when he later requested a jury instruction under Article 38.23 of the Code of Criminal Procedure,[27] the trial court denied it.[28] This Court ruled that the appellant was not entitled to the instruction because the evidence did not raise it.[29]

In what is arguably dicta, the Court then continued:

> Insofar as it may be argued that the State failed to demonstrate before the jury the basis of the legality of the search, the appellant is estopped to complain. He elected to prevent any disputed fact issue from coming before the jury. See and compare *Ex parte Guerrero*, 521 S.W.2d 613 (Tex.Cr.App. 1975; *McGee v. State*, 486 S.W.2d 942 (Tex.Cr.App. 1972); *Cadd v. State*, 587 S.W.2d 736 (Tex.Cr.App. 1979); *Holmes v. State*, 140 Tex.Cr.R. 619, 146 S.W.2d 400 (1940); 5 Tex.Jur.2d, Appeal and Error—Criminal, § 409; 5

---

[25] *Murphy v. State*, *supra*, at 298.

[26] *Id*. at 299.

[27] TEX. CODE CRIM. PROC. art. 38.23.

[28] *Murphy*, *supra*, at 299.

[29] *Id*.

Am.Jur.2d, Appeal and Error, §§ 713-719.[30]

But it is not at all clear that Murphy ever argued that "the State failed to demonstrate before the jury the basis of the legality of the search." All he *needed* to show to be entitled to an instruction under Article 38.23 was a factual dispute. Absent such a factual dispute, he was not entitled to the instruction under the law. That Murphy himself contributed to the lack of any such dispute by interposing bogus hearsay objections to the State's questioning was incidental to the Court's ultimate disposition.

Moreover, applying the estoppel/invited error doctrine to the facts of *Murphy* seems a little odd. The doctrine typically applies (as the cases cited in *Murphy* illustrate) when a defendant requests something of the trial court and then complains on appeal that it was done; or objects to something the trial court proposes to do and then complains on appeal when the trial court desists from doing it.[31] Murphy did not complain on appeal that the trial court erred to sustain his hearsay objections. Nor did the appellant in this case complain on appeal that the trial court sustained his "general" and "unspecified" objection.

---

[30]

   *Id*. at 299-300.

[31]

   *See Ex parte Guerrero*, *supra*, at 614 (applicant "invited" error by requesting trial court to stack sentences in improper sequence, and could not claim in habeas proceedings that cumulation order was void); *McGee v. State*, *supra*, at 943 (following improper testimony, appellant could not decline curative instruction and then complain on appeal that trial court erred in failing to grant mistrial when curative instruction would have been efficacious); *Cade v. State*, *supra*, at 741 (appellant cannot "invite" trial court to submit a jury charge and then complain of that charge on appeal); *Holmes v. State*, *supra*, at 403 (appellant could not object in the trial court to a paragraph in the jury charge and then complain on appeal that the trial court removed it).

Rather than extend the dubious dicta of *Murphy* to a factually ambiguous scenario, I would simply dismiss the State's first ground for review as moot, in view of my suggested disposition of the State's second ground for review. Because the Court does not, I concur in the result, but do not join the Court's opinion.

Filed:      April 22, 2009
Publish