

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1753-08

### ROSS LAYTON FORD, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### FANNIN COUNTY

**PRICE, J., filed a concurring opinion in which JOHNSON, J., joined.**

### <u>CONCURRING OPINION</u>

*Stare decisis* compels me to join the majority opinion in this cause. It does not compel

me to be particularly sanguine about it.

First, I agree that the court of appeals should have addressed the question of

procedural default before reversing the appellant's conviction on the merits. Under these

circumstances, I usually prefer to remand a cause to the court of appeals to address that

systemic issue in the first instance rather than to address it ourselves on discretionary review

in the absence of a lower court ruling.  But there is precedent for our doing so for the first time on discretionary review,[1] and doing so in this case allows us to address the more important issue for which we granted review.  I therefore join the Court in reaching the preservation issue and concluding that error, if any, was preserved.

I also agree that precedent compels us to conclude that the trial court did not err to rely on the unsworn, unsponsored offense report in this cause.  This conclusion flows from the fact that certain provisions of our Texas Rules of Evidence mimic the Federal Rules of Evidence in making questions of the admissibility of evidence the trial court's prerogative to decide, unconstrained by the rules of evidence themselves;[2] and Texas case law has mimicked federal precedent in construing these provisions to apply to hearings to resolve pretrial motions to suppress evidence.[3]  While I doubt the abiding wisdom of this regime, I do not doubt the Court's conclusion that it is, in fact, the current state of the law.

It has not always been so.  The now-defunct Texas Rules of Criminal Evidence

---

[1]

*Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).

[2]

*See* TEX. R. EVID. 101(d)(1)(A) ("These rules, except with respect to privileges, do not apply in the following situations: . . . the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104.); TEX. R. EVID. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . . In making its determination the court is not bound by the rules of evidence except those with respect to privileges.").

[3]

*See Granados v. State*, 85 S.W.3d 217, 226-30 (Tex. Crim. App. 2002); *United States v. Matlock*, 415 U.S. 164, 172-77 (1974).

contained provisions, not carried over into our current Texas Rules of Evidence, that expressly applied the Rules in the context of pretrial suppression hearings.[4] The drafters of the Texas Rules of Criminal Evidence found good reason why they should apply with full force in the context of pretrial suppression hearings in criminal cases. Because motions to suppress an illegally obtained confession or to suppress evidence that is the product of some other illegality that calls into play our state exclusionary rule are "subject to redetermination by the jury, it is logical to require that the [pretrial] judicial determination be based solely upon admissible evidence."[5] It does indeed seem somewhat anomalous that current law should permit a trial court to make a pretrial determination with respect to the admissibility of evidence, unconstrained by the formal rules of evidence, while at the same time permitting the jury subsequently to revisit—and perhaps to reverse—that determination at trial, as authorized by Article 38.22, Section 6, or Article 38.23, but subject to the constraints of the formal rules.[6] In those cases in which the trial court's pretrial ruling on the motion to

---

[4]

    *McVickers v. State*, 874 S.W.2d 662, 665 (Tex. Crim. App. 1993).

[5]

    Olin Guy Wellborn III, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error*, 18 ST. MARY'S L.J. 1165, 1200-01 (1987). *See also* Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 TEXAS PRACTICE SERIES: GUIDE TO THE TEXAS RULES OF EVIDENCE § 101.1 (3rd ed. 2002), at 11 ("Since under Texas law a judicial determination to admit evidence in these cases is subject to redetermination by the jury, it was logical to require that the judicial determination be based solely upon admissible evidence.").

[6]

    TEX. CODE CRIM. PROC. arts. 38.22 § 6; 38.23.

suppress does not effectively dispose of the case by a guilty plea, and the defendant proceeds to a jury trial, presumably we would want both entities, judge and jury, to have made their respective suppression decisions based upon comparable evidence. Under the current regime, that may not always happen.

There are other reasons to regret the current regime. For example, I do not understand the utility of dispensing with *all* of the Rules of Evidence for purposes of pretrial motions to suppress. Judge Meyers capably illustrated the potential drawbacks of this baby-with-the-bathwater approach in his dissenting opinion in *Granados*.[7] Why could the rulemakers not have fashioned Rule 104(a) in such a way that it excludes only operation of Article VIII (the

---

[7] As Judge Meyers remarked:

> [W]ithout the evidentiary scaffolding provided by the Rules [of Evidence], all evidence is admissible, all evidence is relevant and the discretion wielded by the trial court is discretion incapable of abuse. * * * Under the majority's reading of the law, there is now nothing to prevent a trial court from deciding the merits of a suppression motion by relying exclusively on an unsworn police report or lab report. No longer must an expert witness at a suppression hearing be qualified. Tex. R. Evid. 702. Nor must the State continue to burden itself by marshaling witnesses who have personal knowledge of the events about which they are testifying. Tex. R. Evid. 602. Taking the majority's holding to its logical extreme, if the trial judge wished to save time, he could simply call himself as a witness and testify in support of the existence of probable cause by reading a newspaper account of the arrest into the record. Tex. R. Evid. 605.

*Granados*, *supra*, at 240 (Meyers, J., dissenting). Or, as I have observed in another context: "If a trial court is not bound by the rules of evidence, it may even refuse to admit plainly relevant evidence, since it is a rule of evidence that makes relevant evidence admissible (subject to certain exceptions) and irrelevant evidence inadmissible." *Vennus v. State*, 282 S.W.3d 70, 78 (Tex. Crim. App. 2009) (Price, J., concurring).

hearsay provisions),[8] and, perhaps Rules 403 and 404,[9] from judicial determinations of the admissibility of evidence—at least in the context of pretrial motions to suppress? Why should the formal rules governing relevance and authenticity, for instance, not apply in this context? It troubles me to say that the rules of evidence make the admissibility of evidence in a pretrial suppression hearing discretionary with the trial court under such an amorphous and unfettered standard as simple "reliability" when so many of the rules of evidence (such as the rules meant to ensure authenticity) are themselves manifestly intended to codify the system's best estimate, hammered out over many decades of decisional law and critical commentary, of how an adjudicatory process can achieve that very thing.

Professors Dix and Dawson, to whose treatise the Court alludes at several points, have

---

[8] Especially in the context of pretrial suppression hearings that involve questions of probable cause or consent, evidence that might constitute rank hearsay if offered at the trial on the merits will not constitute hearsay at all. The State typically offers many out-of-court statements in this context, not to establish the truth of any assertions contained therein, but only to establish the reasonableness or permissibility of the officer's investigative conduct. *E.g.*, *Campbell v. State*, 910 S.W.2d 475, 480 (Tex. Crim. App. 1995). *See* George E. Dix & Robert O. Dawson, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 29.133 (2nd ed. 2001), at 630 ("Often, a critical issue in a suppression hearing is the factual basis on which an officer acted, that is, the information the officer received and relied upon in making a stop, an arrest, or a search. Where this is the case, the officer's testimony as to what others said is not hearsay because the testimony concerning the out-of-court statement of the declarant is not offered 'to prove the truth of the matter asserted' as is necessary to make it hearsay.").

[9] TEX. R. EVID. 403 & 404. These provisions make relevant evidence nevertheless inadmissible because it may be (in the case of the former), or is deemed to be as a matter of law (in the case of the latter), substantially more prejudicial than probative. Presumably, in a hearing before the court, the trial judge is capable of discounting the prejudicial potential, and focusing only on the probative value, of relevant evidence. Therefore, there would be no compelling reason to insist upon applying these particular evidentiary rules in a pretrial suppression hearing.

also questioned the advisability of our holding in *Granados*, noting that

> hearings on motions to suppress evidence are different than other hearings to determine questions of fact preliminary to admissibility of evidence, in a way that makes application of rules [of evidence] appropriate. Issues regarding the legality of manner in which evidence is obtained are generally more complicated and require more extensive exploration—as a general matter—that [sic] issues presented by other evidentiary questions.
>
> The issues at traditional hearings on motions to suppress implicate matters important for reasons other than their relationship to the truth-determining function of trials. Most obviously, of course, the issues are closely related to the goal of limiting law enforcement conduct. The need to assure fair and accurate resolution of the numerous difficult issues related to this collateral goal argues in favor of applying the rules of evidence.[10]

Such reservations aside, however, I agree that, after *Granados*'s undoubtedly accurate construction of the Texas Rules of Evidence (whether they represent good *policy* or not), "there is now nothing to prevent a trial court from deciding the merits of a suppression motion by relying exclusively on an unsworn police report[.]"[11] And if, as here, the appellant does not question the accuracy or reliability of the content of that report, and it establishes probable cause,[12] it may prove determinative of the motion to suppress. Because I do not question the correctness of the Court's construction, but only the wisdom of the rules

---

[10] George E. Dix & Robert O. Dawson, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 29.132 (2nd ed. Supp. 2008-2009), at 214.

[11] *Granados*, *supra*, at 240 (Meyers, J., dissenting).

[12] Whether the police report in this case does, in fact, establish probable cause is, I also agree, not an issue that is before us in this petition for discretionary review.

themselves in this regard, I am constrained to join the opinion of the Court.


Filed:        October 21, 2009
Publish