

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0493–09

**DOUGLAS MICHAEL HUBERT, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### DISSENTING OPINION

Recently, in *Vennus v. State*, 282 S.W.3d 70 (Tex. Crim. App. 2009), we examined the law of invited error and determined that the appellant could not raise an appellate error when his actions induced the error. In that case, the defendant objected each time the State questioned the officer regarding the basis for his belief that the defendant had drugs in his car. The trial judge sustained the objections but denied the defendant's motion to suppress the evidence. The court of appeals overruled the trial court,

determining that the State did not show that the officer had reasonable suspicion. The State filed a petition for discretionary review claiming that it was the defendant's objections that prevented the State from proving articulable facts that led the officer to believe there were drugs in the car. We held that the appellant was estopped from complaining that the State failed to establish reasonable suspicion because he invited the error with meritless objections.

Here, the appellant filed a motion to suppress the evidence obtained when officers searched his room. At the suppression hearing, the State objected to the admission of the deed to the house, which the defendant claims indicates that he and his grandfather were co-owners. The trial court denied the motion to suppress and appellant appealed, claiming that his grandfather did not have authority to consent to a search of his bedroom. The court of appeals agreed, stating that the testimony of the officers did not amount to any evidence that the grandfather exercised actual control over appellant's bedroom. *Hubert v. State*, 286 S.W.3d 484 (Tex. App.–Corpus Christi 2009). The State now claims that the court of appeals erred in holding that the grandfather lacked authority to consent to the search of appellant's bedroom. The State argues that the grandfather was the owner of the house and had authority to consent to the search even though he did not sleep in appellant's bedroom. The majority agrees and reverses the court of appeals. In reaching the decision that the grandfather had authority to consent to the search of appellant's bedroom, the majority concludes that the appellant lacked "any proprietary

interest in the house, or even any possessory right other than by the grace of his grandfather." However, this may have been shown not to be true if the deed to the house, which was erroneously excluded from evidence, indicated co-ownership.[1] And, it was the actions of the State, in raising meritless objections to the admission of the deed, which prevented the appellant from showing that his grandfather did not have exclusive authority over the property. Therefore, the State kept out evidence that would have supported the ruling of the court of appeals and now complains that the court of appeals erred because there was nothing to show that the grandfather lacked authority to consent. To me, this looks a lot like the State invited the error raised in its petition for discretionary review.

I would apply *Vennus* and hold that the State is estopped from claiming error it invited by preventing the appellant from showing his proprietary and possessory rights to the house. I respectfully dissent.

Meyers, J.

Filed: May 26, 2010

Publish

---

[1] Because the Rules of Evidence do not apply to a suppression hearing, it was error for the deed to have been excluded. *See Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002).