Opinion filed October 21,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                   Nos. 11-09-00014-CR  & 11-09-00015-CR

                                                    __________

 

                                    RICKEY
DALBERT, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee

 



 

                                   On
Appeal from the 244th District Court

 

                                                             Ector
County, Texas

 

                                        Trial Court Cause
Nos. C-32,352 & C-32,353

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Rickey
Dalbert pled guilty to aggravated kidnapping and aggravated robbery.  The jury
assessed his punishment at confinement for life in both cases.  We affirm.

I.  Background
Facts

Dalbert was indicted for aggravated kidnapping and aggravated robbery.  On
September 14, 2005, the trial court determined that he was incompetent to
stand trial and committed him to the state hospital.  The State contends that the
trial court received a report from Dr. Robert Strayhan, a psychiatrist, on
January 26, 2006, indicating that Dalbert was competent.  The State, however,
does not offer a record reference in support of this contention, and we have
found nothing in the record indicating that Dr. Strayhan’s report was ever presented
to the trial court in 2006.  We assume, therefore, that it was not.

On February 22, 2006, Dalbert’s counsel filed a motion to suppress any
in-court identification.  The trial court conducted an evidentiary hearing and
denied the suppression motion on April 12, 2006.  On May 12, 2006, the trial
court again determined that Dalbert was incompetent.  Thereafter, by
correspondence dated November 14, 2006, Dr. Gail Johnson reported to the trial
court that Dalbert was now competent to stand trial.  Dalbert objected to a
determination of his competency by the trial court, and he requested a jury
trial.  A jury subsequently found that Dalbert was competent to stand trial.

Dalbert proceeded to trial before a new jury on the two indictments.  He
pleaded guilty to both charges and true to the State’s enhancement allegation. 
The jury assessed his punishment at confinement for life on both charges.

II. 
Issues

Dalbert challenges the trial court’s judgment with two issues.  He
contends first, that the trial court erred by holding a hearing on his motion
to suppress before a jury found that he was competent to stand trial and
second, that the trial court erred by denying his objection to a sidebar remark
made by the prosecution during jury selection.

III. 
Motion to Suppress

Dalbert
moved to suppress any in-court identification evidence, contending that this
testimony was tainted by a suggestive photo lineup.  The trial court held an
evidentiary hearing, and Dalbert’s counsel announced ready.  Counsel did not
object to proceeding on his motion, and there is no discussion in the record of
the competency proceedings.  Dalbert argues now that the trial court erred by
conducting the hearing because it occurred before he had been found competent
to stand trial by the jury.

            We
need not determine if the trial court erred by considering a motion that
Dalbert’s counsel filed prior to a competency finding because a defendant may
not create error on appeal through an action he induced.  Vennus v. State,
282 S.W.3d 70, 74 (Tex. Crim. App. 2009). 




 

IV. 
Sidebar Remark

During voir dire, while the State was questioning venire members about
the meaning of the phrase “proof beyond a reasonable doubt,” Dalbert objected,
saying:

            Judge,
that statement there is -- excuse me, Mr. Bruce, may I make an objection?  This
is an attempt by Mr. Bruce to define the undefinable and I object to it, there
is no definition lawfully under Texas law for beyond a reasonable doubt and all
this stuff about what the law says and what it doesn’t say is not part of the
law.  The law is that the charge to the jury is they make a finding of guilty
beyond a reasonable doubt and that is the law and only the law.

 

Before the court
could rule, the prosecutor responded to defense counsel by saying, “Good for
you.”  Dalbert objected to the sidebar remark and asked for a mistrial.  The
trial court excused the venire panel, unambiguously instructed the prosecutor
that his comment was out of line and that there would be no more sidebar
remarks, and told both counsel that any further bickering between them in the
presence of the jury would result in fines.  The trial court then considered
and ruled upon the original objection to the State’s burden of proof question,
denied Dalbert’s motion for mistrial, and brought the venire panel back into
the courtroom and resumed jury selection.

Dalbert
argues that he was harmed by the State’s sidebar remark.  We assume that
Dalbert’s contention is that the trial court erred by denying his motion for
mistrial.  We review the denial of a motion for mistrial under an abuse of
discretion standard.  Hawkins v. State, 135 S.W.3d 72, 76-77 (Tex. Crim.
App. 2004).  Under this standard, an appellate court must uphold the trial
court’s ruling as long as it is within the zone of reasonable disagreement.  Wead
v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  In making its
determination as to whether to grant a mistrial, the trial court determines
whether the improper conduct is so harmful that the case must be redone.  Hawkins,
135 S.W.3d at 76-77.  Only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required.  Id.

The
State does not defend the propriety of the prosecutor’s comment, noting that it
was sarcastic and inappropriate.  The State contends, instead, that it was not
harmful.  We agree with the State on both counts.  Dalbert correctly notes that
the State may not strike at a defendant over the shoulders of his counsel or
accuse defense counsel of bad faith or insincerity.  See Fuentes v. State,
664 S.W.2d 333 (Tex. Crim. App. 1984).  For example, a prosecutor is said to
strike at a defendant over counsel’s shoulders by accusing defense counsel of
“manufacturing evidence,” being paid to get the defendant “off the hook,” or
putting on witnesses who are known to be lying.  Gomez v. State, 704
S.W.2d 770, 771-72 (Tex. Crim. App. 1985); Bell v. State, 614 S.W.2d
122, 123 (Tex. Crim. App. 1981).

            The
prosecutor’s sarcastic remark did not rise to this level.  It did not, for
example, accuse counsel of subversive or fraudulent conduct.  The trial court
acted appropriately when it immediately excused the panel, dressed down both
counsel for their conduct, and warned each of the consequence of further
misbehavior.  When the panel returned, Dalbert did not request a jury instruction
or other curative measure.  Given the briefness of the event, Dalbert’s guilty
pleas, his significant prior criminal background,[1]
and the victim’s injuries,[2]
the prosecutor’s sidebar remark was not harmful.  Issue two is overruled.

V.  Conclusion

            The
judgments of the trial court are affirmed.

            

 

RICK STRANGE

                                                                                    JUSTICE

 

October 21, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Dalbert had previous convictions for aggravated assault
with a deadly weapon, assault-family violence, and burglary of a building.

 





                [2]The
victim was beaten and suffered significant, life-threatening injuries.  Because
of brain swelling, she was sedated and was placed on a respirator for several
days.  The incident occurred in January 2005.  Trial was in November 2008.  The
victim had not fully recovered from her injuries at the time of trial.