IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1234-11






LAVERN A. PFEIFFER, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


RED RIVER COUNTY





 Meyers, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 The majority has determined that the State does not need to file a notice of appeal
when it raises a cross-point concerning a ruling on a question of law under Article
44.01(c) of the Texas Code of Criminal Procedure. Maj. op. at 16-17. First of all, this
appeal is unfounded because the State did not attempt to cross-appeal the admissibility of
certain testimony in the suppression hearing. Rather, the State merely brought up the
event to support its argument that Pfeiffer's detention was supported by some additional
reasonable suspicion. The Sixth Court of Appeals unnecessarily stated in a footnote that it
did not have jurisdiction to review the State's cross-appeal since the State did not file a
notice of appeal. Pfeiffer v. State, No. 61-11-00001-CR, 2011 WL 1734065, at *4 n.1
(Tex. App.--Texarkana May 4, 2011). This footnote formed the basis for this review,
which should not have been granted. The majority here is as mistaken as the court of
appeals was, by characterizing the State's argument as a cross-appeal.

 With Article 44.01, the legislature developed very specific rules that the State must
follow in order to appeal. See Mizell v. State, 119 S.W.3d 804, 806-07 (Tex. Crim. App.
2003). Article 44.01(c) allows the State to appeal after a defendant has appealed, since the
defendant's appeal will often occur after the twenty days allowed for the State's appeal
under Rule 26.2(b) have passed. The majority argues that the timing of the appeals under
Rule 26.2 would allow the defendant to frustrate the State's ability to file a cross-appeal,
thus, Article 44.01(c) could not require the State to file a cross-appeal. Maj. op. at 15. I
disagree. Nothing in Article 44.01 indicates that the State does not have to file notice of a
cross-appeal. 

 The State's brief to the court of appeals was hardly a notice of appeal, it was
merely part of the argument as to why the officer's detention of the defendant was
reasonable. (1) Nevertheless, the majority analyzes the argument as a cross-appeal and
implies that an appellate court has jurisdiction over matters raised for appeal by the State,
simply because the defendant has appealed. Maj. op. at 17. It is true that appellate courts
have jurisdiction over the parties once the defendant appeals, but the court has subject
matter jurisdiction over only the issues raised by the defendant. The State must file notice
of appeal in order for its points of error to become subject to the jurisdiction of the
appellate court. I have to agree with the Texarkana Court of Appeals here, since the court
properly held that it did not have jurisdiction to consider the merits of the State's
"appeal."

 This is a fairly significant opinion because it creates jurisdiction merely by the
opposing party mentioning their counter-argument in its reply brief. I presume this right is
now extended to defendants. But, the majority's holding here has prejudiced the
defendant because she did not know that the State intended to appeal until the State's
reply brief was filed. A defendant should always have adequate notice of an appeal and
then have the opportunity to reply to a fully briefed cross-appeal.

 In conclusion, I first of all do not believe that this was a cross-appeal by the State
since it was only a small portion of the State's brief and the State did not seem to intend
to file an appeal. However, since we granted review, I believe that the majority
improperly interprets Article 44.01(c) in determining that the State does not have to file a
notice of appeal if the defendant appeals. The holding is incorrect because the court of
appeals did not have subject matter jurisdiction over the issues raised by the State unless
or until the State directly appealed the challenged matters. Therefore, I respectfully
dissent. 

 Meyers, J. 

Filed: April 18, 2012 

Publish 
1. We recently ruled on a State's petition challenging the court of appeals's grant of the
defendant's motion to suppress. Vennus v. State, 282 S.W.3d 70 (Tex. Crim. App. 2009). The
facts of the case are nearly identical to the facts of this case. The defendant brought a motion to
suppress and made a general objection to the State's questioning of an officer about his belief
that drugs were in the car. Id. at 72. The trial court sustained the objection, but denied the
motion to suppress. Id. The court of appeals reversed and remanded. Id. at 73. We reversed the
judgment of the court of appeals and affirmed the trial court's judgment. Id. at 74. Our court
dealt with the case in relation only to the correctness of the court of appeals ruling. It did not treat
it as a separate cross-appeal from the State, just as we should not have considered the point
argued in the State's brief to be a cross-appeal here.