

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1234-11

**LAVERN A. PFEIFFER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS RED RIVER COUNTY

**MEYERS, J., filed a dissenting opinion.**

## D I S S E N T I N G   O P I N I O N

The majority has determined that the State does not need to file a notice of appeal when it raises a cross-point concerning a ruling on a question of law under Article 44.01(c) of the Texas Code of Criminal Procedure. Maj. op. at 16-17. First of all, this appeal is unfounded because the State did not attempt to cross-appeal the admissibility of certain testimony in the suppression hearing. Rather, the State merely brought up the event to support its argument that Pfeiffer's detention was supported by some additional

reasonable suspicion. The Sixth Court of Appeals unnecessarily stated in a footnote that it did not have jurisdiction to review the State's cross-appeal since the State did not file a notice of appeal. *Pfeiffer v. State*, No. 61-11-00001-CR, 2011 WL 1734065, at *4 n.1 (Tex. App.—Texarkana May 4, 2011). This footnote formed the basis for this review, which should not have been granted. The majority here is as mistaken as the court of appeals was, by characterizing the State's argument as a cross-appeal.

With Article 44.01, the legislature developed very specific rules that the State must follow in order to appeal. *See Mizell v. State*, 119 S.W.3d 804, 806-07 (Tex. Crim. App. 2003). Article 44.01(c) allows the State to appeal after a defendant has appealed, since the defendant's appeal will often occur after the twenty days allowed for the State's appeal under Rule 26.2(b) have passed. The majority argues that the timing of the appeals under Rule 26.2 would allow the defendant to frustrate the State's ability to file a cross-appeal, thus, Article 44.01(c) could not require the State to file a cross-appeal. Maj. op. at 15. I disagree. Nothing in Article 44.01 indicates that the State does not have to file notice of a cross-appeal.

The State's brief to the court of appeals was hardly a notice of appeal, it was merely part of the argument as to why the officer's detention of the defendant was reasonable.[1] Nevertheless, the majority analyzes the argument as a cross-appeal and

---

[1] We recently ruled on a State's petition challenging the court of appeals's grant of the defendant's motion to suppress. *Vennus v. State*, 282 S.W.3d 70 (Tex. Crim. App. 2009). The facts of the case are nearly identical to the facts of this case. The defendant brought a motion to suppress and made a general objection to the State's questioning of an officer about his belief

implies that an appellate court has jurisdiction over matters raised for appeal by the State, simply because the defendant has appealed. Maj. op. at 17. It is true that appellate courts have jurisdiction over the parties once the defendant appeals, but the court has subject matter jurisdiction over only the issues raised by the defendant. The State must file notice of appeal in order for its points of error to become subject to the jurisdiction of the appellate court. I have to agree with the Texarkana Court of Appeals here, since the court properly held that it did not have jurisdiction to consider the merits of the State's "appeal."

This is a fairly significant opinion because it creates jurisdiction merely by the opposing party mentioning their counter-argument in its reply brief. I presume this right is now extended to defendants. But, the majority's holding here has prejudiced the defendant because she did not know that the State intended to appeal until the State's reply brief was filed. A defendant should always have adequate notice of an appeal and then have the opportunity to reply to a fully briefed cross-appeal.

In conclusion, I first of all do not believe that this was a cross-appeal by the State since it was only a small portion of the State's brief and the State did not seem to intend to file an appeal. However, since we granted review, I believe that the majority

---

that drugs were in the car. *Id.* at 72. The trial court sustained the objection, but denied the motion to suppress. *Id.* The court of appeals reversed and remanded. *Id.* at 73. We reversed the judgment of the court of appeals and affirmed the trial court's judgment. *Id.* at 74. Our court dealt with the case in relation only to the correctness of the court of appeals ruling. It did not treat it as a separate cross-appeal from the State, just as we should not have considered the point argued in the State's brief to be a cross-appeal here.

improperly interprets Article 44.01(c) in determining that the State does not have to file a notice of appeal if the defendant appeals. The holding is incorrect because the court of appeals did not have subject matter jurisdiction over the issues raised by the State unless or until the State directly appealed the challenged matters. Therefore, I respectfully dissent.

Meyers, J.

Filed: April 18, 2012

Publish