

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00031-CR

———————————————

MADISON CHANDLER SCHROEDER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 3
Denton County, Texas
Trial Court No. CR-2018-07419-C

---

Before Kerr and Birdwell, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

## MEMORANDUM OPINION

Upon her open plea of guilty during trial, the trial court convicted Appellant Madison Chandler Schroeder of driving while intoxicated and assessed her punishment at six-months' confinement and a $500 fine. Imposition of the confinement portion of the sentence was probated for twelve months. Appellant brings three issues on appeal, arguing

1. The trial court erred when it refused to suppress the stop and seizure of Appellant because the traffic stop was improper;

2. The trial court erred in determining that the detaining officer was unavailable during trial; and

3. The trial court erred in not suppressing the testimony given during trial about the DWI investigation that occurred after the original stop for failure to follow a traffic-control device because no evidence supported conducting a DWI investigation.

Because the trial court committed no reversible error, we affirm the trial court's judgment.

Brief Facts

At a little after midnight, Officer Urbano Rodriguez saw a black Jeep Wrangler pass a "no through traffic" sign at the edge of a two-block-long construction zone. Officer Rodriguez followed the Jeep through the construction zone and pulled it over after it had driven through the zone without stopping at one of the houses within the

2

zone. He explained to the driver the reason he had pulled her over. As he spoke with her, he smelled a strong odor of alcohol and otherwise suspected that she might be intoxicated. He asked her to get out of the Jeep and then spoke with her. She became very emotional and exhibited what Officer Rodriguez considered indications of intoxication.

Officers Rachel Valarezo and Blake Jackson were called to the scene. Officer Valarezo had Appellant perform various field sobriety tests. She concluded that Appellant was intoxicated and placed her under arrest. Appellant refused a blood test. Officer Jackson found an empty wine bottle in the front seat of Appellant's car and two empty wine bottles in the backseat. All three were cold to the touch. Appellant's blood was drawn pursuant to a search warrant. Her blood alcohol content was .14.

Denial of Appellant's Pre-trial Motion to Suppress

In her first issue on appeal, Appellant argues that the trial court erred when it refused to suppress the evidence obtained after the stop and seizure of Appellant for the traffic offense of disregarding a traffic-control device. She contends that Officer Rodriguez had no reasonable suspicion that a criminal offense had or was about to occur because he had no information whether Appellant was a resident of the portion of the street within the no-through-traffic prohibition. She argues that residents of this construction area were not subject to the prohibition against through traffic and were free to use the street for through traffic.

At the suppression hearing, Officer Rodriguez testified he saw a black Jeep Wrangler pass a "No Through Traffic" sign on West Hickory Street in Denton. The sign protected a two-block-long construction zone. Only residents of the area who were going to their homes were allowed beyond the sign. He followed the Jeep through the zone and stopped it after it had driven through the zone. Officer Rodriguez identified Appellant as the driver of the Jeep. The trial court admitted Officer Rodriguez's dash camera's and body camera's recorded video footage of the stop into evidence and watched it before ruling on the motion to suppress. The trial court denied Appellant's motion and entered findings of fact and conclusions of law. The court found Officer Rodriguez had "both reasonable suspicion and probable cause" to detain Appellant for a violation of Section 544.004 of the Transportation Code.

As Appellant correctly states, "In reviewing a trial court's ruling on a motion to suppress evidence and its determination of the reasonableness of either a temporary investigative detention or an arrest, appellate courts use a bifurcated standard of review."[1] An appellate court must give almost total deference to the trial court's determination of historical facts supported by the record, especially when the trial court's findings of fact are based on an evaluation of credibility and demeanor.[2] We

[1] *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).

[2] *Id.* (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

must also defer to a trial court's ruling on application of law to fact questions or mixed questions of law and fact if the resolution of those questions turns on an evaluation of credibility and demeanor. But appellate courts review mixed questions of law and fact that do not depend upon credibility and demeanor by a de novo standard.[3]

Appellant filed a pre-trial motion to suppress, arguing that Officer Rodriguez had no reasonable suspicion that Appellant had committed a traffic offense when he stopped her because he had no prior knowledge of whether Appellant was a resident of the street controlled by the No Through Traffic sign. On appeal, she argues that because Officer Rodriguez did not determine whether Appellant was a resident of the street controlled by the sign, his stop of Appellant was based on "a mere hunch or suspicion that she was not a resident of the street." Appellant argues that the sign did not prohibit a resident's using the street as a through street.

As we understand Appellant's argument, because the sign provided, "No Thru Traffic, Residents Only," it created a private road for residents of the blocked-off portion of the public road. That is, she argues that it provides unrestricted use of the blocked-off portion of the road to all residents and does not limit their use of the road to that necessary to reach their homes. Otherwise, she argues, the sign would say only, "No Thru Traffic." There would be no need to include the phrase,

---

[3]*Id.*

5

"Residents Only." That is, the sign appears to instruct drivers that through traffic is prohibited except to residents, who may use the road for through traffic. We find no case discussing this concept, and neither Appellant nor the State directs us to such a case. We, therefore, treat this as a case of first impression.

Appellant is correct in stating that the sign would be clearer if it provided only "No Thru Traffic." The addition of "Residents Only" confuses matters. Nor would it be reasonable to expect a sign to cover every possible exception to the prohibition of general traffic on the road. But the essence of the traffic control is to prohibit through traffic. Officer Rodriguez did not detain Appellant within the restricted area but waited until she had cleared the restricted area. That is, she had clearly violated the "No Thru Traffic" provision of the sign. A common-sense reading of the sign suggests that, since only through traffic was prohibited, residents traveling on the road to reach their homes were not in violation of the through traffic prohibition. We do not agree with Appellant's attempted interpretation of the sign as creating a private road for residents. But even if she were correct, in the absence of some indication on the vehicle that it belonged to a resident, the fact that the person is a resident is more properly a defense to violating the prohibition of through traffic.[4]

---

[4]*See Jaganathan v. State*, 479 S.W.3d 244, 248 (Tex. Crim. App. 2015) ("[A] defense would matter only if the facts establishing it were so obvious that an objective officer viewing the situation would be unreasonable in failing to realize that the person's conduct was allowed by law.").

6

We hold, therefore, that the trial court did not err in holding that Officer Rodriguez's detention of Appellant was properly based on, at a minimum, reasonable suspicion that she had violated a traffic law. "A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity."[5] A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law.[6]

We agree with the trial court's conclusion of law and hold, "Officer Rodriguez [had] both reasonable suspicion and probable cause to stop the Defendant for a traffic violation pursuant to Texas Transportation Code Section 544.004."

Consequently, we overrule Appellant's first issue on appeal.

Propriety of Determining Officer Rodriguez Was Unavailable and Allowing His Prior Testimony to Be Read into the Record before the Jury, and Propriety of Admission of DWI Investigation Evidence

In her second issue on appeal, Appellant argues the trial court reversibly erred in holding Officer Rodriguez was unavailable to testify during her trial and in allowing his testimony from the pre-trial motion to suppress hearing to be presented to the jury. She contends in her third issue that because the parts of his testimony read to

---

[5]*Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

[6]*Lemmons v. State*, 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref'd).

the jury did not establish reasonable suspicion for Officer Valarezo's continued detention, the trial judge should have granted her trial objection to suppress the evidence of Officer Valarezo's continued detention and investigation.

Appellant filed a pre-trial motion to suppress "any and all evidence seized or obtained as a result of the government's acts." Before trial, the court heard and denied the motion. On July 22, 2019, at the pre-trial hearing on the motion, Officer Rodriguez testified to the original detention. The video recordings of the detention were admitted into evidence and watched by the trial judge. We also have closely watched these video recordings. One shows Officer Rodriguez speaking to Appellant through a lowered window, returning to his car, and then commenting to another officer, "It just reeks in there . . . ." Later, Appellant admitted that she might have had a shot.

During the pre-trial hearing, the State attempted to ask Officer Rodriguez questions about evidence of intoxication he might have observed. Appellant objected that such inquiry was beyond the scope of the hearing on the propriety of the original stop. That is, Appellant orally informed the trial court that her motion to suppress was limited to the propriety of the original stop of her Jeep. The trial court sustained the objection and limited the testimony to the grounds for Officer Rodriguez's traffic stop of Appellant.

In October—after he had testified at the pretrial hearing in July, but before the trial the following January—Officer Rodriguez was shot in the leg and in the head

during an unrelated traffic stop. At trial, the State offered the transcription of Officer Rodriguez's pre-trial testimony regarding the traffic stop. Appellant objected that the testimony was hearsay and that she was being denied the right to cross-examination. She argues on appeal that Officer Rodriguez's testimony does not satisfy the requirements of Rule 804 of the Texas Rules of Evidence, which provides in pertinent part:

> **(a) Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant:
>
> . . . .
>
> **(4)** cannot be present or testify at trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness . . . .
>
> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> **(1) Former Testimony.** Testimony that:
>
> . . . .
>
> **(B)** when offered in a criminal case:
>
> **(i)** was given as a witness at a trial or hearing of the current or different proceeding; and
>
> **(ii)** is now offered against a party who had an opportunity and similar motive to develop it by direct, cross-, or redirect examination . . . .[7]

---

[7]Tex. R. Evid. 804(a)(4), (b)(1)(B)(i)–(ii).

Appellant also challenges the testimony under *Crawford v. Washington*, which provides that "the Sixth Amendment demands what common law required: unavailability and a prior opportunity for cross-examination."[8] She points out that this opportunity must be a complete and adequate opportunity to cross examine the witness regarding that witness's testimony as explained by the United States Supreme Court in *Pointer v. Texas*.[9] She argues that the evidence of Officer Rodriguez's unavailability is insufficient and that she was not given a full, complete, and adequate opportunity to cross-examine Officer Rodriguez.

We must again note that, in the pre-trial hearing on the motion to suppress, the State attempted to introduce evidence of Appellant's suspected intoxication. Appellant objected that any evidence of intoxication or other criminal misconduct was beyond the scope of the hearing, which was limited to the sufficiency of the grounds for the original detention. The trial court correctly sustained Appellant's objections to the State's attempts to ask questions beyond the limited scope of the hearing.

On appeal, both Appellant and the State appear to suggest the trial court erred in limiting the hearing on the motion to suppress to the announced scope of the hearing: the traffic stop. Appellant argues that the trial court's sustaining her objections to questions beyond the limited scope of the hearing denied her the right

---

[8]541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004).

[9]380 U.S. 400, 407, 85 S. Ct. 1065, 1069–70 (1965).

to fully question Officer Rodriguez. The State argues the trial court's sustaining Appellant's trial objections to the questions that exceeded the scope of the hearing on the motion to suppress was error, but it was invited error.

Specifically, relying on *Vennus v. State*,[10] the State contends on appeal,

> Since Schroeder invited error by making meritless objections that prevented the State from showing why her traffic stop became a DWI investigation, she may not make this complaint on appeal.

> Schroeder cannot repeatedly prevent the State from admitting evidence to show why her traffic stop became a DWI investigation and then complain on appeal that the State failed to prove a constitutional basis for its DWI investigation. The invited error doctrine stands in her way.

The law is well established that a search cannot be justified by what it uncovers.[11] Nor is a trial court required to allow every motion hearing to become a general fishing expedition or a practice trial of the entire case. The record reflects that the pre-trial hearing was understood by the State, Appellant, and the trial court to be limited to a determination of the propriety of the initial stop of Appellant. The issue before the trial court was Appellant's contention that the traffic-control sign limited only non-resident motorists' ability to travel freely through the construction area governed by the traffic-control sign. The record is also clear that Appellant was not challenging evidence of intoxication in the pre-trial hearing. The trial court,

---

[10]282 S.W.3d 70, 71 (Tex. Crim. App. 2009).

[11]*State v. Garcia*, 569 S.W.3d 142, 154 (Tex. Crim. App. 2018); *Brown v. State*, 481 S.W.2d 106, 112 (Tex. Crim. App. 1972).

consequently, did not allow the State to offer evidence of grounds for the intoxication investigation during the pre-trial hearing. No one could have anticipated Officer Rodriguez's injuries that prevented his testifying on that issue at trial.

The fact that at trial, Officer Rodriguez was seriously injured and still required in-patient rehabilitation treatment in an out-of-state facility was uncontested. Officer Rodriguez's pre-trial testimony that was read into evidence before the jury at trial was limited to his testimony regarding the grounds for the stop of the Jeep and his detention of Appellant. Officer Rodriguez's interaction with Appellant was before the court in the pre-trial hearing on Appellant's motion to suppress, and Appellant had the opportunity for full cross-examination of the officer at that time. The video and audio recording of the stop and the interaction between Appellant and Officer Rodriguez was offered, admitted, and viewed during the pre-trial hearing.

At trial, Appellant contended for the first time that the original detention was unduly extended beyond the purpose of the stop. She contends she was denied the opportunity to question Officer Rodriguez about the length and the purpose of the detention after the original stop. But all of Officer Rodriguez's actions, the arrival of the other two officers, and the conduct of Appellant are all captured on the video recordings that are part of the record and that have been viewed by the trial court, the attorneys, and this court. The recordings clearly show the length of time Appellant was detained both before and after evidence of her intoxication arose, why Officer Rodriguez thought Appellant was driving while intoxicated and his communication of

12

that reason to Officer Valarezo, and the length of time between Appellant's original detention and when Officer Valarezo performed the field sobriety tests.

At trial, the evidence of intoxication was offered through the testimony of Officer Rachel Valarezo, who performed the field sobriety tests. She was present at trial and available for cross-examination. The recordings of her interaction with Appellant were admitted into evidence before the jury and were played for the jury, with portions muted by agreement between Appellant and the State.

The trial court properly overruled Appellant's trial objections to the admission of Officer Rodriguez's pre-trial testimony regarding the original detention of Appellant. That testimony was limited to the grounds for the traffic stop of Appellant. Because the evidence showed that Officer Rodriguez was unavailable, because the testimony of Officer Rodriguez admitted at trial was limited to his testimony offered in opposition to Appellant's pre-trial motion to suppress the original detention, and because Appellant had full opportunity to confront and cross-examine Officer Rodriguez regarding that testimony and full opportunity to challenge the admission of that testimony at the pretrial suppression hearing, we hold that the trial court committed no error in allowing Officer Rodriguez's pre-trial testimony to be read into evidence before the jury.

Additionally, because the record shows the reason for and length of Appellant's continued detention of Appellant, the trial court did not commit error by overruling Appellant's trial objections to admission of the DWI evidence.

13

We overrule Appellant's second and third issues on appeal.

<u>Conclusion</u>

Because we have overruled Appellant's three issues on appeal, we affirm Appellant's conviction.

/s/ Lee Ann Dauphinot

Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 12, 2022